UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-CV-

| | |
|---|---|
| G. DAVID IVERSON<br>and ACCESS WITH SUCCESS, INC.<br><br>Plaintiffs<br>v.<br><br>CITY OF BOSTON,<br>MASSACHUSETTS<br><br>defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**04  11825 NMG**

MAGISTRATE JUDGE _____

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

<u>COMPLAINT AND JURY DEMAND</u>

<u>PRELIMINARY STATEMENT</u>

This is an action seeking injunctive, declaratory and equitable relief pursuant to Title II of

the Americans with Disabilities Act, 42 U.S.C. § 12181, *ci seq.,* Section 504 of the Rehabilitation

Act, *29 U.S.C.* § 794, Article 114 of the Massachusetts Constitution, and Massachusetts General

Laws *c. 93 § 103.* The Plaintiffs, ACCESS WITH SUCCESS, INC. and G. DAVID IVERSON,

through their undersigned counsel, bring this cause of action against the CITY OF BOSTON, a

municipal corporation, and as causes of action allege as follows:

<u>PARTIES</u>

1.    The plaintiff Access with Success, Inc., (AWS) is a non-profit corporation organized and

existing under the laws of the Commonwealth of Massachusetts. Its members are able-

bodied individuals and qualified individuals with disabilities as defined by the ADA. Its

members include G. David Iverson. Mr. Peter A. Spalluto, age 58, who is quadriplegic due

to a swimming pool diving accident in 1966, is also a member. He always uses a wheelchair to ambulate. Mr. Scott M. Frotton, age 41, is a founding member of AWS. Mr. Frotton has T7 paraplegia secondary to a spinal cord injury sustained in a construction site accident in 1998. He has a complete loss of sensory and motor function from his chest down. His condition is permanent. He always uses a wheelchair to ambulate. Mr. Francis DeVito is a Korean War veteran and a member of AWS. In 1953, he was injured by a grenade and gunfire in an ambush attack while his Marine unit was on patrol in Korea. His wounds were such that it became medically necessary to amputate his left leg above the kneecap. He requires the use of ambulatory devices for mobility, including a prosthetic leg and a crutch, when necessary, in order to ambulate. Raymond J. Aziz, age 62, is a member of AWS. He has a mobility impairment secondary to adult onset of diabetes. He requires the use of leg braces for ambulation. Norman P. Crescimano, age 42, is a member of AWS. He has multiple sclerosis and always uses a wheelchair for ambulation. Mr. Frank Salafia, age 66, is a member of AWS. He is hearing impaired and has a loss of vision in one eye. Amylee O'Beirne, age 24, is a founding member of AWS. She has had rheumatoid arthritis since early childhood. She frequently uses a wheelchair for ambulation. Lisa M. Thompson, age 31, is a member of AWS and she is President of the New Hampshire Chapter of the National Spinal Cord Injury Association. She is paraplegia due to a motor vehicle accident which occurred in 2000. She almost always requires the use of a wheelchair for ambulation, but sometimes is able to use crutches. All of the above-named members of AWS are qualified individuals with disabilities within the meaning of the ADA and all other applicable federal and state statutes.

2.   AWS is a civil rights group organized by individuals with disabilities to advocate for

2

disabled persons' integration into society and equal access to all services, activities,

programs, resources and facilities available to non-disabled persons. Its members are

predominately, but not exclusively, individuals with various physical disabilities impairing

mobility, vision and hearing. One of the primary purposes of AWS is to assure that places

of public accommodation are accessible to, and usable by persons with disabilities. Title II

of the ADA permits private individuals to bring lawsuits in which they can obtain court

orders to stop discrimination on the basis of disability.

3.    AWS and its members have suffered direct and indirect injury as a result of the

defendant's actions or inactions as described herein. AWS also has been discriminated

against because of its association with its members and their claims. The defendant's

failure to comply with the ADA adversely affects the organizational purpose of AWS.

4.    The plaintiff, G. David Iverson, resides at 130 Dartmouth Street, Apt. 905, Boston,

Massachusetts 02116. Mr. Iverson is a T8-T9 complete paraplegic secondary to a gunshot

wound he suffered in a random street attack in Boston in September 1987. Mr. Iverson

relies completely upon a wheelchair for ambulation. Mr. Iverson also has a complete

hearing loss in his left ear. He is a qualified individual with disabilities under the ADA and

all other applicable federal and state statutes.

5.    The defendant, City of Boston is a municipal corporation incorporated as a town in the

Commonwealth of Massachusetts in 1630 and as a city in 1822. Upon information and

belief, Boston owns, operates, leases and/or maintains the programs and services offered

by Boston as well as the facilities, real properties and improvements which are the subject

of this action.

6.    The facilities owned, operated, leased and/or maintained by Boston include, but are not

limited to the city streets, city parking, sidewalks, curb cuts, curb ramps, libraries, City

Hall, and all police precinct buildings. Upon information and belief, Boston has at least

fifty employees.

7.     Prior to instituting the instant action, Mr. Iverson personally availed himself of Boston's

programs and services and visited the defendant's facilities, including but not limited to

the city streets, city parking, sidewalks, curb cuts, curb ramps, the City Hall, and was

unable to access the same in a manner equal, comparable, or similar to a non-disabled

person to due to the defendant's lack of compliance with the ADA.

8.     The plaintiff, G. David Iverson, was denied full and equal access to the subject programs,

services, facilities and properties of the defendant. Mr. Iverson desires to and intends to

avail himself of the programs and services of Boston and intends to visit the defendant's

programs, facilities and properties in the future.

## JURISDICTION AND VENUE

9.     Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and §1343 in that this is an

action arising under the laws of the United States and the defendant is subject to personal

jurisdiction. The Court has supplemental jurisdiction over the state law claims pursuant to

28 U.S.C. §1367.

10.    Venue is proper in this Court under 28 U.S.C. §1391; the claim having arisen in the

District of Massachusetts.

## COUNT I: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

11.    The plaintiffs repeat the preceding allegations as if fully set forth here.

12.    All events giving rise to this lawsuit occurred in the state of Massachusetts.

13.    On or about July 26, 1990, Congress enacted the ADA, which is codified at 42 U.S.C.

§12101 *et seq.*

14.    Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of

Justice, Office of the Attorney General, promulgated federal regulations to implement the

requirements of the ADA. Those regulations are codified at 28 C.F.R, Part 35 and 36.

15.    In Title II of the ADA, Congress provided that no qualified individual with a disability

shall, by reason of such disability, be excluded from participation in or be denied the

benefits of a public entity, or be subjected to discrimination by any such entity.

16.    Title II of the ADA requires that a public entity, such as the defendant, take appropriate

steps to ensure that communications with applicants, participants and members of the

public with disabilities are as effective as communications with others. *28 CF R.*

*§35.160(a).*

17.    Title II of the ADA requires a public entity, such as the defendant, to furnish auxiliary aids

and services where necessary to afford an individual with a disability an equal opportunity

to participate in and enjoy the benefits of a service, program, or activity conducted by a

public entity. *28 C.FR. § 35. 106(b) (1).*

18.    Title II of the ADA and *28* C.F.R. § *35.105* requires defendant to complete a self-

evaluation by January 26, 1993 of its services, policies, practices and effects thereof that

do not comply with the ADA. The defendant was required to make the necessary

modifications. The defendant has not completed an adequate self-evaluation.

19.    Title II of the ADA and 28 C.F.R. § 35.105 required defendant to develop a transition plan

by July 26, 1992 where structural changes in its existing facilities needed to be undertaken

to achieve program accessibility for all persons with disabilities, including the plaintiffs.

The defendant failed to develop an adequate transition plan and failed to implement any

transition plan.

20.  The defendant's failure to adequately complete its self-evaluation and its failure to adequately develop a transition plan which fully meets the requirements of the ADA has denied, and continues to deny the plaintiffs their rightful opportunity for equal access to Boston's municipal facilities and services.

21.  The defendant was required to have completed structural changes in its facilities no later than January 26, 1995. The defendant has failed to complete the required structural changes to achieve equal access to their programs, service, activities, facilities and properties.

22.  As a governmental and public entity charged with ensuring compliance with federal and state laws, Boston has known for several years of its duties and obligations under Title II of the ADA. Despite this knowledge, Boston has failed to comply adequately with the ADA's self-evaluation and transition plan requirements.

23.  Boston has known for several years of its duties and obligations under Title II of the ADA to complete the necessary and required structural changes to its facilities. Boston failed to complete the necessary and required structural changes to its facilities by January 26, 1995, as mandated by federal law.

24.  The defendant's failure to meet all of its obligations under Title II of the ADA including, *inter alia*, to complete a self-evaluation, to develop a transition plan for modification of existing facilities and to fully implement all structural modifications has denied, and continues to deny, the plaintiffs access to Boston's programs, services and activities that are otherwise available to persons without disabilities.

25.  As a governmental and public entity, Boston has engaged in conduct and acts of omission

that subject the plaintiffs to discrimination solely on the basis of their disabilities. Boston directly participated in or acquiesced in the conduct or acts or omissions to act described herein.

26.  The plaintiffs were subjected to discrimination when they attempted to access the programs services, facilities and properties owned and/or operated by the City of Boston. The plaintiffs continue to desire to utilize Boston's programs and services as well as to return to the facilities and properties owned and/or operated by Boston. They intend to do so and therefore will continue to suffer discrimination by the defendant in the future.

27.  Under Title II of the ADA, the programs and activities of public entities must be accessible to people with disabilities unless that would cause a fundamental alteration to the program or activity or constitute an undue financial and administrative burden to the entity. *28 C. P.R. §35.149-150.* It is the burden of the entity to prove that compliance would result in such fundamental alteration or financial burden. Further, any decision that compliance would result in alteration or burden must be made after considering all resources available for use in the funding of operation of service, program, or entity, and must be accompanied by a written statement of the reasons for reaching that conclusion. *28 C.F.R. §35.150(a) (3,).* The City of Boston cannot meet this burden of justifying its discriminatory practices and acts.

28.  The plaintiffs have been unable to and continue to be unable to enjoy full and equal access to the benefits of the programs, services and facilities owned and/or operated by Boston.

29.  In addition to not providing equal access to the programs and services offered by Boston, the defendant, Boston, is in violation of 42 *USC. §12181* and *28 C.F.R. § 36.302 et seq.* and is discriminating against the plaintiffs on the basis of the following violations:

    a. Most of the accessible parking spaces owned and/or operated by Boston lack the required access aisles;

    b. City streets lack accessible parking spaces as required by law;

    c. Many accessible parking spaces are not on an accessible route to the public buildings that they are intended to serve;

    d. Many Boston streets lack proper curb cuts and/or curb ramps;

    e. Many City sidewalks contain obstacles which block or impede the accessible path of travel;

    f. Police stations and fire stations are inaccessible to persons in wheelchairs;

    g. There is no accessible route through the City of Boston; and

    h. There are no audible and visual pedestrian traffic controls that would be useful to hearing and sight-impaired individuals.

30. Upon information and belief, the plaintiffs allege that there are other violations with respect to programs, services and facilities owned, administered and/or operated by Boston that will be more fully alleged upon discovery and further inspection.

31. The City of Boston has failed to make efforts required under the ADA to remove such barriers to the extent readily achievable, nor has the City of Boston complied with accessibility standards to the maximum extent feasible.

32. The defendant has also, by maintaining such barriers, failed to comply with the ADA and access requirements for areas of new construction or alteration.

33. The actions and initiatives which the City of Boston has failed to undertake in order to make the City's services and facilities accessible to persons with disabilities are actions and initiatives that would be readily achievable, required by law, and would greatly assist persons with disabilities at minimal expense to the City of Boston.

34. The City's conduct constitutes ongoing and continuous violations of the ADA and, unless

restrained from doing so, the defendant will continue to violate the ADA. Said conduct,

unless enjoined, will continue to inflict injuries for which plaintiffs have no adequate

remedy at law.

**WHEREFORE,** the plaintiffs demand judgment against the City of Boston and request

compensatory damages and the following injunctive and declaratory relief pursuant to Title II of

the ADA:

    a.   That the Court declare that the programs, services and facilities owned, operated and administered by Boston, violate the ADA;

    b.   That the Court enter an order directing Boston to alter its programs, services and facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title II of the ADA;

    c.   That the Court enter an order directing Boston to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Boston to undertake and complete corrective procedures;

    d.   That the Court award damages, reasonable attorneys' fees, costs (including expert fees) and other expenses of suit, to the plaintiffs; and

    e.   That the Court award such other and further relief as it deems necessary, just and proper.

## COUNT II- REHABILITATION ACT

35.   The plaintiffs repeat the allegations of the preceding paragraphs as if set forth completely

      here.

36.   Section 504 of the Rehabilitation Act provides:

> "No otherwise qualified handicapped individual ... shall, solely by reason of his handicap, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. *29 U.S.C. §794.*"

37.   Section 504 creates a private right of action in favor of persons who have been subjected

to illegal discrimination on the basis of a physical handicap or disability.

38.  On information and belief, the City of Boston administers, sponsors and operates programs which receive federal financial assistance within the meaning of the Rehabilitation Act.

39.  The plaintiff, G. David Iverson, is a qualified handicapped individual within the meaning of the Rehabilitation Act. The plaintiff AWS, includes members who are qualified handicapped individuals within the meaning of the Rehabilitation Act.

40.  As stated in the foregoing paragraphs, the plaintiffs have been excluded from participation in or denied the benefits of the City's services, programs and activities and were otherwise discriminated against by the City of Boston.

41.  The plaintiffs' exclusion, denial of benefits or other discrimination, was by reason of their disabilities and physical handicaps.

42.  The plaintiffs will suffer substantial irreparable harm if the programs, services and activities held and operated by the City of Boston are not made accessible as required under the Rehabilitation Act.

43.  Furthermore, the public interest strongly favors mandating accessibility of the City's programs and services.

**WHEREFORE**, the plaintiffs demand judgment against Boston and request the following relief:

   a.  That the Court declare that the programs, services and facilities owned, operated and administered by Boston, violate the Section 504 of the Rehabilitation Act;

   b.  That the Court enter an order directing Boston to alter its programs, services and facilities to make them accessible to and useable by individuals with disabilities to the full extent required by the Rehabilitation Act;

   c.  That the Court, in its discretion, award damages, reasonable attorneys' fees, costs (including expert fees) and other expenses of suit, to the plaintiffs as prevailing parties all as permitted under *29 USC §794a (b,);* and

d.   That the Court award such other and further relief as it deems necessary, just and proper.

## COUNT III - MASSACHUSETTS CONSTITUTIONAL AMENDMENT ARTICLE 114 AND MASSACHUSETTS EQUAL RIGHTS LAW, G.L. C. 93 §103

44.   The plaintiffs repeat the allegations of the preceding paragraphs as if set forth completely here. All events giving rise to this lawsuit occurred within the Commonwealth of Massachusetts.

45.   Article 114 of the Massachusetts Constitution prohibits discrimination on the basis of a person's disability within Massachusetts.

46.   Implementing Article 114 to the Massachusetts Constitution, G.L. c.93§103, the Massachusetts Equal Rights Law, guarantees person with disabilities the same rights as other persons, such as the right to contract, make purchases, sell property, participate in lawsuits and to receive the full benefit of the law.

47.   The plaintiffs, G. David Iverson and members of Access with Success, Inc., have been excluded from fully participating in the municipal services and facilities made available by the City of Boston to the general public. The plaintiffs have been denied the benefits afforded to non-disabled citizens and they have been subject to ongoing discrimination by the defendant solely by reason of their disability as prohibited by Article 114 of the Massachusetts Constitution and (G.L. c. 93 § 103).

48.   The plaintiffs, G. David Iverson and members of Access with Success, Inc. have been repeatedly distressed and inconvenienced by the discriminatory actions of the City of Boston, including its failure to remove access barriers to persons with mobility disabilities within Boston and its failure to modify its policies and procedures to accommodate disabled citizens such as the plaintiffs.

49. The plaintiffs' constitutional right to be free from discrimination in the Commonwealth of Massachusetts has been and continues to be violated by the City of Boston and they are therefore entitled to be compensated.

50. Pursuant to G.L. 93 § 103, this Court is authorized to grant the plaintiffs injunctive and other relief including, but not limited to compensatory and exemplary damages.

51. The plaintiffs' constitutional right to be free from discrimination in the Commonwealth of Massachusetts has been and continues to be violated by the defendant and they are therefore entitled to an award of compensatory and exemplary damages, reasonable attorneys' fees and costs of litigation in an amount to be determined by the Court.

**WHEREFORE,** the plaintiffs pray the Court's judgment on Count III of their Complaint.

## JURY DEMAND

The plaintiffs demand a trial by jury on all counts so triable.

> Respectfully submitted,
> The Plaintiffs, G. David Iverson, et al,
>
> By their Attorney,
>
> Nicholas S. Guerrera, BBO# 551475
> Shaheen Guerrera & O'Leary, LLC
> Jefferson Office Park
> 820A Turnpike Street
> North Andover, MA 01845
> (978) 689-0800

Dated: August 18, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) G. David Iverson, et al.  v.
City of Boston

2.  CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

___     I.      160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

 X      II.     195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

___     III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

___     IV.     220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

___     V.      150, 152, 153.

**04 11825 NMG**

3.  TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)).  IF MORE THAN ONE PRIOR RELATED CASE
HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

            None

4.  HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
COURT?

                                                        YES          (NO)

5.  DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
PUBLIC INTEREST?   (SEE 28 USC §2403)

                                                        YES          (NO)

IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                        YES          (NO)

6.  IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
28 USC §2284?

                                                        YES          (NO)

7.  DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE
SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                                    (YES)            NO

    A.      IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

            (EASTERN DIVISION)           CENTRAL DIVISION          WESTERN DIVISION

    B.      IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
            GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

            EASTERN DIVISION             CENTRAL DIVISION          WESTERN DIVISION

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   Nicholas S. Guerrera, Shaheen Guerrera & O'Leary, LLC

ADDRESS   820A Turnpike Street, North Andover, MA 01845

TELEPHONE NO.   978-689-0800     fax 978-794-0890

(Cover sheet local.wpd  - 11/27/00)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

G. David Iverson & Access with Success, Inc.

**DEFENDANTS**

City of Boston

(b) County of Residence of First Listed Plaintiff **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Suffolk**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Nicholas S. Guerrera
820A Turnpike Street
North Andover, MA 01845
978-689-0800

Attorneys (If Known)

N/A

04 11825 NMG

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ■ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ■ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ■ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | / ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ● 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ■ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

| | | | | Transferred from another district | | Appeal to District Judge from Magistrate Judgment |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 |

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 USC §12181 et seq. Americans with Disabilities Act of 1990. Action for Injunctive relief to compel defendant to remove architectural barriers to persons with mobility disabilities in place of public accommodation.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** Injunction

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ■ Yes    No

**VIII. RELATED CASE(S) IF ANY** (See instructions):

JUDGE N/A    DOCKET NUMBER

DATE August 18, 2004    SIGNATURE OF ATTORNEY OF RECORD  Nicholas S. Guerrera

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____