UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-11825-NMG

G. DAVID IVERSON and
ACCESS WITH SUCCESS,
INC.
    <u>Plaintiffs</u>,

v.

CITY OF BOSTON,
    <u>Defendant</u>.

## <u>DEFENDANT CITY OF BOSTON'S MOTION TO DISMISS</u> <u>PLAINTIFFS' COMPLAINT</u>

NOW COMES the Defendant, City of Boston, and moves this Honorable Court pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss Plaintiffs' Complaint in its entirety with prejudice.

As grounds therefore, the Defendant states that:

1.   Plaintiffs fail to allege any specific injury and therefore lack standing to bring this action;

2.   Plaintiffs cannot bring a private cause of action for failure to develop or implement a self-evaluation or transition plan under the Americans With Disabilities Act (ADA);

3.   Plaintiffs' action is time-barred by the statute of
     limitations; and,

4.   Plaintiffs did not first file a complaint with the
     Massachusetts Commission Against Discrimination (MCAD)
     alleging their M.G.L. ch. 93, § 103 claim, which is a
     prerequisite to filing suit under chapter 93 section 103.



                              DEFENDANT, CITY OF BOSTON

                              Merita A. Hopkins
                              Corporation Counsel

                              By its attorney:


                              /s/ Kate Cook
                              Kate Cook   BBO# 650698
                              Susan Weise BBO# 545455
                              Assistant Corporation Counsel
                              City of Boston Law Department
                              Room 615, City Hall
                              Boston, MA 02201
                              (617) 635-4022 (Cook)
                              (617) 635-4040 (Weise)

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 04-CV-11825-NMG**

G. DAVID IVERSON and
ACCESS WITH SUCCESS,
INC.
    <u>Plaintiffs</u>,

v.

CITY OF BOSTON,
    <u>Defendant</u>.

**<u>MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT CITY OF BOSTON'S MOTION TO DISMISS
PLAINTIFFS' COMPLAINT</u>.**

**I.  <u>INTRODUCTION</u>**

Plaintiffs' three count Complaint alleges that the
Defendant, City of Boston (City) violated Title II of the
Americans with Disabilities Act (ADA) 42 U.S.C. § 12131, the
Rehabilitation Act, and the Massachusetts Equal Rights Law.
According to the pleadings, Plaintiffs include G. David Iverson,
the only named plaintiff who claims a residence in Boston.
(Pl's Complaint, ¶ 4).  The other plaintiff, "Access With
Success," (AWS) alleges it is "a non-profit corporation
organized and existing under the laws of the Commonwealth of
Massachusetts.  Its members are able-bodied individuals and
qualified individuals with disabilities as defined by the ADA."
(Pl's Complaint, ¶1).  The Complaint is silent as to whether any

of the AWS members other than Iverson live, work, or travel in the City of Boston.

The City seeks dismissal of Count I, which alleges that the City violated Title II of the ADA; Count II, alleging violation of the Rehabilitation Act; and, Count III alleging violation of M.G.L. ch. 93 § 103, because:

1. Plaintiffs fail to allege any specific injury and therefore lack standing to bring this action;

2. Plaintiffs cannot bring a private cause of action for failure to develop or implement a self-evaluation or transition plan under the Americans With Disabilities Act (ADA);

3. Plaintiffs' action is time-barred by the statute of limitations;

4. Plaintiffs did not first file a complaint with the Massachusetts Commission Against Discrimination (MCAD) alleging their M.G.L. ch. 93, § 103 claim, prior to filing the instant complaint, which is a prerequisite to filing suit under chapter 93 section 103.

## II.  **APPLICABLE STANDARD**

A motion to dismiss is to be allowed when a Plaintiff can prove no set of facts in support of her claim that would entitle her to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); McLain v. Real Estate Board of New Orleans, Inc., 444 U.S. 232, 246 (1980); Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998); Williams v. Astra USA, Inc., 68 F. Supp. 2d 29 (D. Mass. 1999). In considering a motion to dismiss, the Court is obliged to accept Plaintiffs' well-pleaded facts as they appear, granting every reasonable inference in Plaintiffs' favor.  Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999).  This indulgence, however, does not require the Court to credit bald assertions, unsubstantiated conclusions or outright vituperation.  Correa-Martinez v. Arrillaya-Belendez, 903 F.2d 49, 52 (1st Cir. 1990).

Moreover, this is not to suggest that Plaintiffs are being held to a heightened pleading standard.  Rather, as  the recent First Circuit case of Accion v. Hernandez, 367 F.3d 61, 66-67 (1st Cir. 2004), held, "[g]iven the lessons of Swierkiewicz, our duty is manifest.  We join several other sister circuits in holding that there are no heightened pleading standards for civil rights cases . . .  All civil rights actions are subject to Rule 8(a)'s notice pleading standard."

However, as the Hernandez court also held, Rule 8(a) does establish a standard for reviewing the substance of a complaint, and thus, a civil rights complaint "should *at least set forth minimal facts as to who did what to whom, when, where and why*. . . . and second, in considering motions to dismiss, courts should continue to 'eschew any reliance on bald assertions, insupportable conclusions and opprobrious epithets." Hernandez, at 67-68 (citing Chongris v. Bd. Of Appeals, 811 F.2d 36, 37 (1st Cir. 1987) (emphasis added)).  Here, there can be no doubt that Plaintiffs have failed to meet this standard; accordingly, their Complaint should be dismissed.

## III.  ARGUMENT

### A.  PLAINTIFFS LACK STANDING TO BRING THIS ACTION AS THEY HAVE NOT ALLEGED A SPECIFIC INJURY

Plaintiffs lack standing to bring this action, as they have not alleged a concrete injury.  The standing doctrine establishes a threshold inquiry in every federal case, and "[a] federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action....'" Warth v. Seldin, 422 U.S. 490, 499, 95 S.Ct. 2197 (1975).  In their complaint, Plaintiffs contend that the City of Boston has violated the ADA in the following three ways: (1) failure to

6

complete an adequate self-evaluation; (2) failure to develop and
implement an adequate transition plan; and, (3) failure to
complete the required structural changes by 1995.  However, the
three allegations amount to no more than generic claims of
discrimination.  Painting with a broad brush, Plaintiffs provide
no specific details as to when, where, and how they have been
injured by the three alleged "failures" noted above.  This falls
far short of the pleading standard required in Hernandez supra,
and also illustrates Plaintiffs' lack of standing.

In fact, the most detailed description of any sort of
"injury" appears in Paragraph 26 of Plaintiffs' complaint, which
alleges:

> The Plaintiffs were subjected to discrimination when they
> attempted to access the programs services, facilities and
> properties owned and/or operated by the City of Boston.
> The plaintiffs continue to desire to utilize Boston's
> programs and services as well as to return to the
> facilities and properties owned and or operated by Boston.

(Pl's Complaint, ¶26).  This description fails to mention
any detail of "when, where or why" as is required by
Hernandez supra at 36, 37.  Moreover, the only other
paragraph, that even attempts to describe the Plaintiffs'
injury, Paragraph 29, offers blanket allegations that also
fail to describe any particularized or concrete harm.
Paragraph 29 alleges that "many city sidewalks contain
obstacles which block or impede the accessible path of

travel" (Pl's Complaint, ¶29.e) and "there is no accessible route through the City of Boston" (Pl's Complaint, ¶29.g). These bare allegations do not rise to the level set by the Article III standing requirement.

To satisfy the standing requirement, a plaintiff must show three elements: (1) that she personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant; (2) that the injury fairly can be traced to the challenged action; and (3) that the injury is likely to be redressed by a favorable decision. <u>American Postal Workers Union, et al. v. Anthony M. Frank, et al.</u>, 968 F.2d 1373, 1375 (1st Cir.) (1992)(citing <u>Valley Forge Christian College v. Americans United for Separation of Church and State</u>, 454 U.S. 464, 472, 102 S.Ct. 752 (1982)). In the instant case, Plaintiffs fail to meet these three elements, and their complaint should be dismissed accordingly.

As to the first prong, which requires a showing of personal injury, Plaintiffs plead no facts in support of their claim that they have endured an actual injury. Rather, as noted above, Plaintiffs provide no more than boilerplate assertions about the City's alleged non-compliance with the ADA, without any specificity. Yet, to satisfy the standing inquiry Plaintiffs must "demonstrate

injury in fact -- a harm that is both concrete and "actual
or imminent, not conjectural or hypothetical." Whitmore v.
Arkansas, 495 U.S. 149, 155, 110 S. Ct. 1717 (1990)(internal
quotation marks omitted).  Further, the instant Plaintiffs
have not "alleged such a personal stake in the outcome of
the controversy as to warrant [their] invocation of federal-
court jurisdiction and to justify exercise of the court's
remedial powers on [their] behalf." Simon v. Easter Ky.
Welfare Rights Org., 426 U.S. 26, 38, 96 S.Ct. 1917
(1976)(quoting Warth v. Seldin, 422, U.S. 490, 498-99, 95
S.Ct. 2197 (1975)).  Accordingly, the failure of Plaintiffs
to show they have actually suffered from an actual injury in
fact as a result of the City's allegedly illegal conduct
compels dismissal.

    Moreover, absent from Plaintiffs' Complaint is any
factual allegation that Plaintiffs were denied access to a
specific building, were unable to cross a particular
intersection, were unable to travel on a particular
sidewalk, or faced any particular denial of access caused by
the City.  This failure to plead a concrete and
particularized harm or injury constitutes grounds for
dismissal for lack of standing.

    Plaintiffs' Complaint shares the same fatal flaws as
the Plaintiffs' claims did in Ross v. City of Gatlinburg,

327 F. Supp. 2d 834 (E.D. Tenn. Ct. 2003).  In Ross, the
Tennessee Eastern District Court dealt with a nearly
identical complaint, alleging non-compliance with the ADA
and with the same voids in specificity.  Finding that
Plaintiffs lacked standing given their naked allegations of
ADA violations, the Ross court granted the Defendant City's
Motion for Summary Judgment.  Id.  In so deciding, the Ross
Court explained:

> [Plaintiffs] have failed to present any proof of harm
> in violation of Title II of the ADA that is concrete
> and particularized, and actual or imminent.  They
> allege "difficulty" and "problems" with parking and
> navigating the City streets . . . They do not specify
> how they have been excluded from participation in or
> denied the benefits of a service, program or activity
> of the City in violation of Title II.  Without
> satisfying the first element of standing, an injury in
> fact, the plaintiffs necessarily cannot satisfy the
> second and third elements of standing.

Ross at 842.  Thus, much like the Plaintiffs in Ross, in
this case, Plaintiffs' failure to make out the first element
of standing renders the second and third elements likewise
unsatisfied, and this Court should dismiss Plaintiffs'
Complaint.

Furthermore, Plaintiffs' failure to plead sufficient
details to demonstrate an actual injury caused by the City
stands in stark contrast to other ADA suits against
municipalities where Plaintiffs *have* been found to state a

claim under Title II.  In those suits, Plaintiffs set forth
detailed itemizations of non-compliant intersections,
buildings and facilities.  See e.g. Ability Center of
Greater Toledo v. City of Sandusky, 133 F. Supp. 2d 589
(N.D. Ohio) (2001); Deck v. City of Toledo, 76 F. Supp. 2d
816 (N.D. Ohio) (1999); Matthews v. Jefferson, 29 F. Supp.
2d 525 (W.D. Ark.) (1998).  In sum, conclusory conjecture
about what harms or injuries the City might have caused
Plaintiffs is insufficient.  Accordingly, Plaintiffs'
Complaint should be dismissed in its entirety for lack of
standing.

   B.  PLAINTIFFS CANNOT BRING A PRIVATE CAUSE OF ACTION FOR
       FAILURE TO DEVELOP OR IMPLEMENT A SELF-EVALUATION OR
       TRANSITION PLAN UNDER THE ADA.

   Even if this Court finds Plaintiffs have alleged sufficient
facts to establish standing, a proposition the City strongly
disputes, still Counts I and II of Plaintiffs' Complaint must be
dismissed to the extent Plaintiffs seek relief from the City's
alleged failure to develop and implement adequate self-
evaluation and transition plans.  This is because Title II does
not allow private causes of action challenging a municipality's
failure to develop or implement a transition plan.  See e.g.,
Ability Center of Greater Toledo, et al. v. City of Sandusky et
al., 2004 U.S. App. LEXIS 20680, *39 (6th Cir. 2004), "there is

no indication that a public entity's failure to develop a transition plan harms disabled individuals, let alone in a way that Title II aims to prevent or redress." The text of Title II does not contain any requirements for a self-evaluation or transition plan; but rather, the regulations implementing Title II, 28 C.F.R. § 35.105(a) and 28 C.F.R. § 35.150(d) require covered entities, like the City, to conduct a self-evaluation and to develop a transition plan.

In Count I, Plaintiffs allege that "defendant has not completed an adequate self-evaluation" (Pl's Complaint, ¶ 18); that "defendant failed to develop an adequate transition plan and failed to implement any transition plan" (Pl's Complaint, ¶ 19); that "defendant's failure. . . to complete a self-evaluation, to develop a transition plan for modification of existing facilities and to fully implement all structural modifications has denied, and continues to deny, the plaintiffs access to Boston's programs. . ." (Pl's Complaint, ¶ 24). Though stated in different ways, all of the above paragraphs fail to state a claim, because the statutory language of the ADA does not endow citizens with a private right of action to enforce the self-evaluation and transition plan requirements set forth in the regulations accompanying Title II. Deck v. City of Toledo, 76 F. Supp. 2d 816, 823 (N.D. Ohio 1999); Matthews v. Jefferson, 29 F. Supp. 2d 525, 539-40 (W.D. Ark.) (1998).

Moreover, by its own terms, Title II's statutory language does not apply to a public entities' failure to satisfy the regulatory requirements of Title II in the absence of a claim of discrimination.  That is, Title II provides that its remedies are available "to any person alleging discrimination on the basis of disability in violation of section 12132 of this title."  42 U.S.C. § 12133.  It follows therefore, that the enforcement provision of Title II only applies to claims of discrimination by qualified individuals with a disability, and not in cases like the one at hand, alleging failure to implement a self-evaluation or transition plan.

Indeed, many courts considering this question have held the same.  For instance, the Sixth Circuit recently upheld a district court's decision that there is no private right of action to challenge a city's failure to implement a transition plan.  Ability Center of Greater Toledo, et al. v. City of Sandusky et al., 2004 U.S. App. LEXIS 20680, *39 (6th Cir. 2004).  Also, in Deck v. City of Toledo, 76 F.Supp. 2d 816, 823 (N.D. Ohio 1999), the court held, "there is no private right of action to enforce the self-evaluation and transition plan requirements set forth in the regulations accompanying Title II."  Moreover, another court explained, "[t]he ADA itself does not require local governments to initiate self-evaluations" and held that ". . . money damages against a pubic entity for failure to

13

formulate a transition plan or timely comply with the plan are not available." Matthews v. Jefferson, 29 F. Supp.2d 525, 539-40 (W.D. Ark. 1998). See also, Ross v. City of Gatlinburg, Tennessee, 327 F. Supp. 2d 834, 844, (E.D. Tennessee 2003)("The Court does not find any statutory basis to assert a cause of action based solely on a public entity's failure to conduct a self-evaluation or develop a proper transition plan.").

Though a few district courts hold that a private right of action exists to challenge the lack of a transition plan or self-evaluation, they have premised this allowance with the requirement that Plaintiffs plead a causal connection between the municipality's alleged failure and Plaintiffs' alleged injury. That is, those few courts which have recognized a private right of action to compel compliance with the self-evaluation or transition plan regulations still require that the complaint be "premised on disability related discrimination." McCready v. State Bar Standing Committee, 926 F. Supp. 618, 622 (W.D. Mich. 1995). The McCready Court explained, "[t]o state a valid claim for enforcement of the self-evaluation requirements, plaintiff must allege a clear causal connection between defendant's failure to evaluate its services and his asserted injury." Id. at 622. As another district court provided, "[t]here must be clear links in the chain of causation between the challenged government conduct and the asserted injury in

14

order to establish standing." <u>Concerned Parents v. City of West Palm Beach</u>, 884 F.Supp. 487, 490 (S.D. Fla. 1994).  As noted above, Plaintiffs in this case have not plead any injury in fact or any instance of discrimination, and therefore, it would be impossible to show a "causal connection."  Counts I and II of Plaintiffs' Complaint should be dismissed.

Accordingly, as a matter of law, Title II does not provide nor contemplate for private actions challenging a failure to implement or create a self-evaluation or transition plan, and it certainly does not provide relief in cases like the one at bar where there is no evidence of a causal connection between the City's alleged failure to implement a transition plan or self-evaluation and the Plaintiff's alleged injury.  Therefore, Plaintiffs' Complaint must be dismissed as to these claims.

    C.  PLAINTIFFS' COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS.

The ADA does not contain a specific statute of limitations. 42 U.S.C. § 12132.  Accordingly, individual states are left to determine the appropriate limitations period for actions arising under the ADA in their courts.  See <u>e.g.</u>, <u>Gaona v. Town & Country Credit</u>, 324 F.3d 1050, 1055-56 (8th Cir. 2003).  In the instant case, this court should borrow Massachusetts's three-year statute of limitations period for personal injuries, M.G.L.

ch. 260, § 2A.  In this case Plaintiffs filed their suit on
August 20, 2004.  Accordingly, Counts I and II of Plaintiffs'
Complaint alleging that the City, through its failure to create
and implement an adequate self-evaluation and transition plan,
has violated the ADA and the Rehabilitation Act, are untimely.

Further, Plaintiffs knew or should have known of their
alleged injuries as of July 26, 1992.  Pursuant to 28 C.F.R. §
35.105(a), public entities were required to complete a self-
evaluation no later than July 26, 1992.  Pursuant to 28 C.F.R. §
35.150(d)(1), public entities employing at least 50 persons must
adopt a transition plan by July 26, 1992.  Accordingly,
Plaintiffs were on notice of the City's compliance with the ADA
as to the self-evaluation and transition plan prior to July 26,
1992. This means that three years after that date--as of July
26, 1995-- Plaintiffs' allegations against the City as to its
violations of the ADA due to its noncompliance with the self-
evaluation and transition plan regulations were time-barred.
Moreover, there is no evidence that the structures and
facilities Plaintiffs contend violate the ADA have been created
since 1995.

To the extent Plaintiffs argue the City's alleged failure
to comply with the ADA constitutes a continuing violation, they
are wrong.  Here, Plaintiffs have not plead any facts which show

the City has engaged in ongoing, continuous discriminatory acts as is required to trigger the continuing violations theory.  As the Supreme Court explained in <u>Havnes Realty Corp. v. Coleman</u>, 455 U.S. 363, 380, 102 S.Ct. 1114, 1125 (1982), discriminatory incidents which occur after the limitations period are actionable, "where a plaintiff . . . challenges not just one incident of [unlawful conduct] . . . but an unlawful practice that continues into the limitations period, [in such cases] the complaint is timely when it is filed within [the statute of limitations period] of the last occurrence of that practice." <u>Id</u>.  However in this case, there is no charge of *any* incidents occurring after the limitations period.  Instead, the complaint is starkly naked of any details as to new construction or recent violations which might otherwise bring Plaintiffs' time-barred Complaint under the shelter of continuing violations.  Moreover, as explained in part III. A. above, Plaintiffs' Complaint does not allege any specific act of discrimination, and therefore, it would be an impossible feat for Plaintiffs to meet the statute of limitations.  For these reasons, Counts I and II of the Complaint must be dismissed as time-barred as of July 26, 1995.

      D.   COUNT III MUST BE DISMISSED BECAUSE PLAINTIFFS FAILED TO FIRST FILE A TIMELY COMPLAINT WITH THE MASSACHUSSETS COMMISSION AGAINST DISCRIMINATION.

In Count III of their Complaint, Plaintiffs contend the
City violated Article 114 of the Massachusetts Constitution as
implemented in M.G.L. ch. 93, §103, the Massachusetts Equal
Rights Law.  Plaintiffs' claims in Count III are barred by the
exclusivity provision of M.G.L. ch. 151B, which mandates that
plaintiffs suing for violations of chapter 93 section 103 must
first bring their actions to the Massachusetts Commission
Against Discrimination (MCAD) within six months of the alleged
discriminatory act.  See e.g., Varad v. Barshak, 261 F.Supp.2d
47 (D.Mass. 2003)(holding that Plaintiff's failure to file
timely claim at the MCAD within six months of the alleged
discriminatory act barred her suit alleging a violation of
M.G.L. ch. 93, §103).  On this point, the Supreme Judicial Court
provided, "Chapter 151B creates an administrative procedure for
the enforcement of antidiscrimination statutes of the
Commonwealth" and furthermore, "the clear purpose of G.L. ch.
151B is to implement the right to equal treatment guaranteed to
all citizens by the constitutions of the United States and the
Commonwealth."  Charland v. Muzi Motors, Inc., 417 Mass. 580,
582, 631 N.E.2d 555, 557 (1994).

Given that there is nothing in Plaintiffs' pleadings to
indicate they have filed a timely complaint with the MCAD, it

follows their claim of violation of Chapter 93, Section 103 must be dismissed.

**IV.   CONCLUSION**

For the reasons stated above, the Defendant, City of Boston, respectfully requests that all Counts of Plaintiffs' Complaint be dismissed with prejudice.

Respectfully submitted,

DEFENDANT, CITY OF BOSTON

Merita A. Hopkins
Corporation Counsel

By its attorney:

/s/ Kate Cook
Kate Cook   BBO# 650698
Susan Weise BBO# 545455
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4022 (Cook)
(617) 635-4040 (Weise)