UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| G. DAVID IVERSON and ACCESS WITH SUCCESS, INC., | ) ) ) ) | |
| Plaintiffs | ) ) ) | CIVIL ACTION NO. 04-CV-11825-NMG |
| v. | ) ) ) | |
| THE CITY OF BOSTON | ) ) ) | |
| Defendant | ) ) | |

**OPPOSITION OF PLAINTIFFS TO CITY OF BOSTON'S
MOTION TO DISMISS AND, IN THE ALTERNATIVE,
THEIR CROSS-MOTION FOR LEAVE TO AMEND COMPLAINT**

The plaintiffs, G. David Iverson and Access with Success, Inc., ("AWS") oppose the defendant's motion to dismiss their complaint under Fed. R. Civ. P. 12(b)(6). In the alternative, the plaintiffs request leave to amend their complaint under Fed. R. Civ. P. 15(a).

In response to the defendant's arguments, the plaintiffs state as follows:

1. The complaint alleges specific injuries. It meets the liberal standard of notice pleading under Fed. R. Civ. P. 8( c ).

2. If the Court determines that the complaint lacks allegations of injuries, it should consider the plaintiffs' affidavits submitted herewith, treat the defendant's motion as one for summary judgment, and deny it on grounds that there are genuine issues of material fact to be tried regarding the plaintiffs' injuries;

3. In the alternative, the Court should grant the plaintiffs leave to amend the complaint under Fed. R. Civ. P. 15(a) by incorporating the facts set forth in their affidavits;

4. The plaintiffs have stated a valid claim for enforcement of the self-evaluation requirements of the ADA by alleging a clear causal connection between

    defendant's failure to evaluate its services and their asserted injuries. *McCready v. Michigan State Bar Standing Comm. on Character & Fitness*, 926 F. Supp. 618 (D. Mich. 1995); *Matthews v. Jefferson*, 29 F. Supp. 2d 525, 540 (D. Ark. 1998). The affidavits submitted by the plaintiffs elaborate upon their injuries.

5. Plaintiffs' action is within the three-year statute of limitations. Their affidavits demonstrate an ongoing series of discriminatory acts and violations occurring within the statute of limitations. The ongoing violations anchor the earlier claims. *O'Rourke v. City of Providence*, 235 F. 3d 713, 730 (1st Cir. 2001); *Provencher v. CVS Pharmacy*, 145 F. 3d 5, 14 (1st Cir. 1998); and,

6. Plaintiffs agree that they did not first file a complaint with the Massachusetts Commission Against Discrimination (MCAD) alleging their G.L. c. 93, § 103 claim, and therefore do not oppose the dismissal of Count III, but respectfully request that their cause of action be dismissed without prejudice to seek leave to amend the complaint after filing a complaint in the MCAD and requesting that the Commission release their complaint for judicial determination in this case.

    WHEREFORE, the plaintiffs pray that defendant's motion be denied. In the alternative, the plaintiffs respectfully request leave to amend their complaint such that it will embody the substance of their affidavits. The plaintiffs also respectfully request that they be permitted to reassert Count III after filing a complaint in the MCAD.

    Respectfully submitted

    The Plaintiff, G. David Iverson, et al.

    By their Attorneys,

    /s/Nicholas S. Guerrera
    Nicholas S. Guerrera, BBO#551475
    Shaheen, Guerrera & O'Leary, LLC.
    Jefferson Office Park
    820A Turnpike Street
    North Andover, Massachusetts 01845
    (978) 689-0800

## CERTIFICATE OF SERVICE

      I hereby certify pursuant to Fed. R. Civ. P. 5 that I served a true copy of this pleading on the defendant, through its counsel, by mail on this date.

Dated:  12/6/04                                      /s/Nicholas S. Guerrera
                                                                    Nicholas S. Guerrera