**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 04-CV-11825-NMG**

G. DAVID IVERSON and
ACCESS WITH SUCCESS,
INC.
<u>Plaintiffs</u>,

v.

CITY OF BOSTON,
<u>Defendant</u>.

# <u>DEFENDANT CITY OF BOSTON'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT</u>

The Defendant, City of Boston, hereby replies to Plaintiff's Opposition to the Defendant's Motion to Dismiss Plaintiff's Complaint, and moves this Court to grant the Defendant's Motion To Dismiss. The Defendant responds in three parts: First, even when incorporating Plaintiffs' Affidavits and Opposition, Plaintiffs nonetheless lack standing to assert a viable claim under the ADA against the City of Boston. Second, as a matter of law, there is no private right of action to challenge a municipality's alleged failure to implement a transition plan or self-evaluation. Finally, Plaintiffs' Complaint is time-barred under the statute of limitations.[1]

---

[1] Plaintiffs' Opposition concedes that they have failed to first file their state claim under M.G.L. ch. 93, § 103 with the Massachusetts Commission Against Discrimination. Given Plaintiffs' statement that they do not oppose the dismissal of Count III, Defendant does not address this Count in its reply brief.

1

I. **Plaintiffs Lack Standing**

Plaintiffs lack standing to bring this action, as they have not alleged a concrete injury. In their Opposition Plaintiffs again offer nothing more than generic assertions that they "have been denied and in the absence of injunctive relief, will continue to be denied access to Boston's programs, services, and activities that are otherwise available to persons without disabilities." (Pl's Opp. p. 1-2). In an attempt to bolster this allegation, Plaintiffs offer two affidavits from David Iverson and Peter Spalluto. However, neither affidavit provides sufficient facts to meet the standing requirement as argued in the Defendant's Motion To Dismiss, and therefore the Complaint should be dismissed.

To establish standing, Plaintiffs must show they have suffered from an actual injury or are in immediate danger of sustaining some direct injury in fact as a result of the allegedly illegal conduct of Defendant. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, (1992). Moreover, to prove a violation of Title II of the Americans With Disabilities Act (ADA) Plaintiffs must establish: (1) that they are qualified individuals with disabilities; (2) that they were either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or were otherwise discriminated against; and (3) that such exclusion,

2

denial of benefits, or discrimination was by reason of the Plaintiffs' disabilities. <u>See</u> <u>e.g.</u>, <u>Parker v. Universidad de Puerto Rico, et al.</u>, 225 F.3d 1, 5 (1st Cir. 2000). Even when adopting the facts alleged in Plaintiffs' Complaint and affidavits as true for the purposes of this motion, still Plaintiffs fail to meet their burden of showing they have standing. The Complaint should be dismissed for this failure.

As argued in the Defendant's Memorandum of Law, Plaintiffs' allegations in this case mirror those raised and dismissed as insufficient to establish standing in <u>Ross v. City of Gatlinburg</u>, 327 F. Supp. 2d 834 (E.D. Tenn. Ct. 2003). Here, both the affidavits of Iverson and Spalluto provide descriptions of the difficulties they encounter traveling around the City of Boston, however neither affidavit sets forth an allegation that the Plaintiffs have been "excluded from participation in or denied the benefits of some public entity's services, programs, or activities or were otherwise discriminated against" <u>Parker</u>, <u>supra</u>, 5. Accordingly, as the district court held in <u>Ross</u>, assertions of difficulty parking and navigating the City's streets do not establish standing under Title II of the ADA. The <u>Ross</u> Court held in pertinent part:

> [Plaintiffs] have failed to present any proof of harm in violation of Title II of the ADA that is concrete and particularized, and actual or imminent. **They allege "difficulty" and "problems" with parking and navigating the City streets . . . They do not specify**

3

> **how they have been excluded from participation in or denied the benefits of a service, program or activity of the City in violation of Title II.** Without satisfying the first element of standing, an injury in fact, the plaintiffs necessarily cannot satisfy the second and third elements of standing.

Ross at 842.

This Court should adopt the reasoning of the Ross Court, and likewise dismiss the instant Complaint for failure to state a claim upon which relief may be granted.  Three days after Defendant filed its Motion to Dismiss, the Sixth Circuit upheld the district court's decision in Ross as to Plaintiffs' failure to establish standing.  See Ross v. Tennessee, 2004, U.S. App. LEXIS 22436 (October 28, 2004).  Thus, reviewing the district court's summary judgment grant *de novo*, the Sixth Circuit found that the Ross Plaintiffs' allegations of difficulty navigating the City sidewalks and parking were not enough to establish standing.  Id. at 5, 6.  The Sixth Circuit reasoned, "Plaintiffs failed to provide ANY evidence of "concrete and particularized, actual or imminent" injuries resulting from the City's actions or inactions," and it therefore concluded, "Plaintiffs have not established standing to pursue their claims against the City." Id. at 5-6.  For the reasons stated by both the district court and the court of appeals in Ross, here, Plaintiffs' failure to allege facts showing a concrete and particularized injury--

4

denial of access to a City program, service or activity--compels dismissal.

To be sure, Plaintiffs' affidavits provide some street names and locations where they have encountered difficulties navigating the City.  Nonetheless, their pleadings do not provide any facts establishing a violation of Title II of the ADA.  Further, nowhere in Plaintiffs' Complaint, Opposition or Affidavits is there an allegation (much less factual support) that Plaintiffs have been denied access to a City of Boston "program, service, or activity."  To assert difficulty navigating the City streets and sidewalks neither establishes a concrete and particularized injury under the ADA, nor does it amount to a claim of discrimination under the ADA.[2]  Because Plaintiffs have not shown an injury in fact, they lack standing. The Complaint should be dismissed accordingly.

---

[2] Moreover, Plaintiffs' pleadings fail to meet their burden to show standing, because Title II of the ADA does not require municipalities to retrofit existing facilities in compliance with the ADA.  Rather, the ADA instructs the United States Attorney General to promulgate regulations to implement Title II to ensure access to a public entity's "programs, services, and activities".  Said regulations are codified in Title 28, Chapter 35 of the Code of Federal Regulations (CFR).  The applicable regulations establish significantly different rules for existing facilities, i.e., facilities that were constructed prior to the passage of the ADA in 1992, as opposed to new construction or alterations. For example, Section 35.151 covers newly-constructed or altered facilities and requires that new construction and alterations commenced after January 26, 1992, be conducted so that the new facility or part of the facility, is readily accessible to and usable by individuals with disabilities.  Existing facilities, by contrast, are not subject to the rigorous accessibility regulations above.  Instead, Section 35.150, which covers existing facilities, explicitly provides that public entities do not have to make each existing facility accessible to and usable by individuals with disabilities. § 35.150(a)(1).  Plaintiffs offer no evidence that the streets and sidewalks in question were constructed after the passage of the ADA; therefore, as existing facilities, the areas in question are not subject to ADAAG requirements.

Further, to the extent Plaintiffs' affidavits "add meat" to their bare bones Complaint, the affidavits still fail to provide details as to "when, where or why" as is required even under the liberal pleading standard established in <u>Accion v. Hernandez</u>, 367 F.3d 61, 67-68, (1st Cir. 2004).  For example, Plaintiffs have not plead any facts that suggest the City has failed to comply with the ADA (see footnote 3).  As for dates of an alleged injury, it appears Plaintiff Iverson provides only two specific dates, yet neither alleged incident establishes an injury under the ADA.  Thus, Plaintiffs' affidavits do not remedy their failure to show standing.  First, Plaintiff Iverson contends he experienced a puddle (caused by rain) at a curb ramp on November 16, 2004 (Iverson Affidavit, ¶ 18).  However, the ADA does not require City's to eradicate puddles, nor does Plaintiff offer any facts that would show the rain accumulations violates the ADA.  Second, Plaintiff Iverson contends that on November 29, 2004, he went to the Boston Public Library to *return* some DVDs (Iverson Affidavit, ¶ 34).  Again, this factual pleading does not constitute a colorable claim of ADA discrimination, as Plaintiff, by his own admission, has accessed the City library program, service and activities.  Also, several of the grievances in Plaintiffs' pleadings concern entities that are neither owned nor controlled by the City of Boston, such as

6

Fenway Park (Iverson Affidavit, ¶¶ 27, 28) and the Esplanade and Hatch Shell (Iverson Affidavit, ¶¶ 40-44).

### II. There Is No Private Right of Action To Sue For An Alleged Failure to Implement Or Create A Transition Plan

In addition to lacking standing, Plaintiffs fail to state a claim in Counts I and II to the extent they seek relief from the City's alleged failure to develop and implement adequate self-evaluation and transition plans.[3] Plaintiffs' Opposition does not address why their transition plan challenge should survive dismissal. Moreover, Plaintiffs offer no legal basis why this Court should opt to ignore the majority of courts considering this issue. Indeed, the majority of courts have held, as should this court, that Title II of the ADA does not allow private causes of action challenging a municipality's failure to develop or implement a transition plan. See e.g. Ability Center of Greater Toledo, et al. v. City of Sandusky et al., 2004 U.S. App. LEXIS 20680, *39 (6th Cir. 2004), "there is no indication that a public entity's failure to develop a transition plan harms disabled individuals, let alone in a way that Title II aims to prevent or redress." See also, Deck v. City of Toldeo,

---

[3] Moreover, Plaintiffs' contention that the City failed to create or implement a self-evaluation or transition plan is without merit. In fact, the City has created and implemented a transition plan and self-evaluation in compliance with the Title II regulations.

7

76, F. Supp. 2d 816, 823 (N.D. Ohio 1999); <u>Matthews v. Jefferson</u>, 29 F. Supp. 2d 525, 539-40 (W.D. Ark. 1998).

Plaintiffs do not counter Defendant's analysis of the language of Title II, nor do they dispute that the enforcement provision of Title II only applies to claims of discrimination and not in cases alleging failure to implement a self-evaluation or transition plan. Rather, Plaintiffs provide a single sentence on the subject, contending they can sue for failure to enforce the self-evaluation requirements of Title II if they allege a "clear causal connection between the public entity's failure to evaluate its services and his asserted injuries." (Pl's Opp. p. 3). First, Plaintiffs' pleadings do not establish a causal connection. Second, and more importantly, even if they did, establish a causal connection it does not matter under the law. As the Sixth Circuit recently explained in <u>Ability Center of Greater Toledo</u>, <u>supra</u>:

> While failing to provide curb cuts and other accommodations *in the course of altering* city streets and sidewalks in violation of § 35.151 denies the disabled meaningful access to public services by perpetuating architectural barriers that impede such access, failing to develop a transition plan in violation of § 35.150(d) does not in and of itself similarly hinder the disabled. . . there is no indication that a public entity's failure to develop a transition plan harms disabled individuals, let alone in a way that Title II aims to prevent or redress. Indeed, it is conceivable that a public entity could fully satisfy its obligations to accommodate the disabled while at the same time fail to put forth a suitable transition plan.

8

Ability Center of Greater Toledo, at *39 (holding that no private right of action to enforce the self-evaluation and transition plan requirements set forth in the regulations accompanying Title II)(emphasis added). In sum, Plaintiffs' Complaint should be dismissed as to their claims against the City for failure to create or implement a self-evaluation or transition plan.

### III. Plaintiffs' Action Is Barred By the Statute of Limitations

Even if this court were to find that Plaintiffs have pled sufficient facts to survive dismissal, their Complaint is time-barred by the statute of limitations. ADA claims are subject to the three-years statute of limitations in the Commonwealth. See e.g., Downs v. Mass. Bay Transp. Author., 13 F. Supp. 2d 130, 136 (D.Mass. 1998); Mitchell v. Maloney, 2002 U.S. Dist. LEXIS 25019, *8 (D.Mass. 2002). As to this ground for dismissal, Plaintiffs direct the Court to their affidavits to show timeliness. However, as argued above, Plaintiffs have failed to allege any concrete or particularized injury or harm that rises to the level of ADA discrimination. Accordingly, the dates provided by Plaintiffs do not resuscitate their time-barred complaint from dismissal. Rather, as argued in the Defendant's Motion to Dismiss, Plaintiffs' knew or should have known of the

9

City's compliance with the ADA as to the self-evaluation and transition plan as of July 26, 1992—the ADA designated deadline to complete the plan and evaluation.  Moreover, there is no evidence that the structures and facilities Plaintiffs contend violate the ADA have been created since 1992, the date the ADA was passed, and therefore all aspects of Plaintiff's Complaint fail to meet the statute of limitations of three years.

WHEREFORE, Defendant respectfully requests this Honorable Court allow its Motion to Dismiss Plaintiffs' Complaint.

Respectfully submitted,

DEFENDANT,
Merita A. Hopkins
Corporation Counsel
By its attorney:


/s/ Kate Cook
Kate Cook, BBO #650698
Susan Weise, BBO# 545455
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4022 (Cook)
(617) 635-4040 (Weise)

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)**

I hereby certify that undersigned counsel, Kate Cook, for the Defendant, City of Boston, discussed the above motion with Nicholas S. Guerrera via telephone on, December 13, 2004, both in a good faith effort to resolve and narrow the issues presented by said motion, but that counsel were unable to resolve the issues prior to filing of the motion.