UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                 )
G. DAVID IVERSON and             )
ACCESS WITH SUCCESS, INC.,       )
                                 )
            Plaintiffs           )
                                 )   CIVIL ACTION NO. 04-CV-11825-NMG
                                 )
v.                               )
                                 )
THE CITY OF BOSTON               )      SCANNED
                                 )
            Defendant            )      DATE: _____
_____)      BY: _____
```

**MEMORANDUM OF PLAINTIFFS IN SUPPORT
OF THEIR OPPOSITION TO CITY OF BOSTON'S MOTION
TO DISMISS AND, IN THE ALTERNATIVE,
CROSS-MOTION FOR LEAVE TO AMEND COMPLAINT**

I.  **INTRODUCTION**

In *Tennessee v. Lane*, 541 U.S. ___, 158 L. Ed. 2d 960, 124 S. Ct. 2386 (2004) Justice Ginsburg, in concurrence, noted that "Congress' objective in enacting the Americans with Disabilities Act [was] the elimination or reduction of physical and social structures that impede people with some present, past, or perceived impairments from contributing, according to their talents, to our Nation's social, economic, and civic life." *Id.* at 1996. (Ginsburg, J., concurring). Justice Ginsburg continued, "Congress understood in shaping the ADA [that it] would sometimes require not blindfolded equality, but responsiveness to difference; not indifference, but accommodation." *Id.* The plaintiffs, G. David Iverson and Access with Success, Inc. have been denied and, in the absence of injunctive relief, will continue to be denied access to Boston's programs,

services, and activities that are otherwise available to persons without disabilities. They have brought this case to correct that injustice.

## II. DISCUSSION

Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Fed. R. Civ. P. 8(a)*. It is well settled that a complaint should not be dismissed unless "it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept all of the plaintiff's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The plaintiffs' complaint meets the notice pleading standard of Rule 8(a).

The plaintiffs have submitted the affidavits of David Iverson (Exhibit A) and Peter Spalluto (Exhibit B). The affidavits remove any doubt that the plaintiffs have standing to bring this action. As shown by the affidavits, (1) the plaintiffs have suffered actual injuries as a direct result of the defendant's discriminatory conduct, (2) their injuries can be fairly traced to the discriminatory conduct, and (3) their injuries would be redressed by the injunctive relief they request. *American Postal Workers Union et al. v. Frank, et al.*, 968 F. 2d 1373, 1375 (1st Cir. 1992).

A motion under Fed. R. Civ. P. 12(b)(6) scrutinizes the pleadings only. If the Court is presented with and considers matters outside the pleadings, such as affidavits, the motion should be converted to a motion for summary judgment. *Fed. R. Civ. P. 12(b)(6); Ainsworth v. Risley*, 244 F. 3d 209, 212 (1st Cir. 2001). Under the Rule 56

standard, all facts should be considered and all reasonable inferences should be drawn in a light most favorable to the opposing party. *Id.* Viewing the affidavits of Mr. Iverson and Mr. Spalluto in this light leaves no doubt that there are genuine disputes as to material facts and that the City is not entitled to judgment as a matter of law. *Id.* The City's motion should be denied.

To state a valid claim for enforcement of the self-evaluation requirements of Title II of the ADA, a plaintiff must allege a clear causal connection between the public entity's failure to evaluate its services and his asserted injuries. *McCready v. Michigan State Bar Standing Comm. on Character & Fitness*, 926 F. Supp. 618 (D. Mich. 1995); *Matthews v. Jefferson*, 29 F. Supp. 2d 525, 540 (D. Ark. 1998). The complaint and the affidavits submitted by the plaintiffs meet this pleading requirement.

The defendant suggests that a three-year personal injury statute of limitations, G.L. c. 260, § 2A, should apply to the present case. The statute of limitations for civil rights actions would be more apt, but that statute also calls for a three-year limitations period. *G.L. c. 260, § 5B.* In any event, the affidavits of Mr. Iverson and Mr. Spalluto describe civil rights violations that occurred as recently as several months and even several weeks ago. Their affidavits demonstrate an ongoing series of discriminatory acts and violations occurring within the statute of limitations. The ongoing violations anchor the claims concerning violations occurring more than three years ago. *O'Rourke v. City of Providence*, 235 F. 3d 713, 730 (1st Cir. 2001); *Provencher v. CVS Pharmacy*, 145 F. 3d 5, 14 (1st Cir. 1998).

If the Court determines that the complaint would be deficient unless the facts stated in the affidavits were to be specifically incorporated in it, the plaintiffs request a

reasonable opportunity to file an amended complaint. This practice has been followed in cases in which a plaintiff has not pleaded fraud and misrepresentation counts with the particularity demanded by Fed. R. Civ. P. 9(b). The Court has dismissed the fraud and misrepresentation counts without prejudice in such cases while granting the plaintiff leave to amend and cure the deficiency. *See, e.g., McAdams v. Mass. Mutual Life Ins. Co., et al.*, D. Mass., Civil Action No., 99-30284-FHF. The plaintiffs believe that this approach would be unnecessary here, given the volume and specificity of the affidavits, but request this relief in the alternative.

The plaintiffs did not first file a complaint with the Massachusetts Commission Against Discrimination alleging their G.L. c. 93, § 103 claims, but now believe that the defendant has correctly stated that this is a prerequisite to bringing a complaint in court. While they do not oppose the dismissal of Count III, they respectfully request that their cause of action under G.L. c. 93, § 103 be dismissed without prejudice. They request an opportunity to seek leave to amend the complaint after filing a complaint in the MCAD and requesting, under Section 9 of Chapter 151B, that the Commission will release their complaint for judicial determination.

Leave to amend is to be "freely given when justice so requires, *Fed. R. Civ. P. 15(a)*, unless the amendment "would be futile, or reward, *inter alia*, undue or unintended delay." *Resolution Trust Corp. v. Gold*, 30 F. 3d 251, 253 (1st Cir. 1994). None of the usual reasons for denying an opportunity to amend the complaint are present in this case.

### III. CONCLUSION

The Court should deny the defendant's motion to dismiss.

Respectfully submitted

The Plaintiffs, G. David Iverson, et al.

By their Attorneys,

_Nicholas S. Guerrera_
Nicholas S. Guerrera, BBO#551475
Shaheen, Guerrera & O'Leary, LLC.
Jefferson Office Park
820A Turnpike Street
North Andover, Massachusetts 01845
(978) 689-0800

## CERTIFICATE OF SERVICE

I hereby certify pursuant to Fed. R. Civ. P. 5 that I served a true copy of this pleading on the defendant, through its counsel, by mail on this date.

Dated: December 6, 2004

_Nicholas S. Guerrera_
Nicholas S. Guerrera