UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| G. DAVID IVERSON and ACCESS WITH SUCCESS, INC. | ) ) ) ) ) | CIVIL ACTION NO.: 04-CV-11825NMG |
| Plaintiffs v. | ) ) ) |  |
| CITY OF BOSTON, MASSACHUSETTS | ) ) ) ) |  |
| Defendant | ) ) |  |

**MEMORANDUM OF THE PLAINTIFF, G. DAVID IVERSON, IN SUPPORT OF MOTION TO COMPEL RESPONSES TO HIS INTERROGATORIES TO THE DEFENDANT, CITY OF BOSTON**

Now pending before the Court is the defendant's motion to dismiss under Rule 12(b)(6). The plaintiffs have opposed the motion by submitting affidavits that present matters outside the pleadings. The plaintiffs have requested that the Court will accordingly convert the motion to one for summary judgment as provided in Rule 12(b).

One of the plaintiffs' claims is that the City's streets and sidewalks lack curb cuts and lack smooth, even surfaces that meet the requirements of the ADA. Another claim is that certain municipal buildings have architectural barriers that prohibit access to persons with disabilities on a basis equal to that of able-bodied persons. Their contentions are supported by affidavits true of their personal knowledge and experience. One of the defendant's arguments is that the plaintiffs failed to file this action within the statute of limitations.

In footnote 2 of its reply brief, the defendant noted that the effective date of the ADA was January 26, 1992 and that all "new construction and alterations commenced after January 26, 1992, [must] be conducted so that the new facility or part of the facility, is readily accessible to and usable by individuals with disabilities. Existing facilities, by contrast, are not subject to the rigorous accessibility regulations above. Instead, Section 35.150, which covers existing facilities, explicitly provides that public entities do not have to make each existing facility accessible to and usable by individuals with disabilities. § 35.150(a)(1). *Plaintiffs offer no evidence that the streets and sidewalks in question were constructed after the passage of the ADA; therefore, as existing facilities, the areas in question are not subject to ADAAG requirements.*" (Emphasis added).

Mr. Iverson disagrees that he must offer "evidence that the streets and sidewalks in question were constructed after the passage of the ADA" to survive summary judgment.  One reason for his disagreement is that "trial courts should refrain from entertaining summary judgment motions until after the parties have had a sufficient opportunity to conduct necessary discovery." *Velez v. Awning Windows, Inc.*, 375 F.3d 35, 39-40 (1st Cir. 2004).  Assuming, however, that the defendant is correct, the plaintiffs are unable at this time to present such evidence by affidavits.  They do not have at their disposal evidence concerning exactly when City sidewalks and buildings were newly constructed or altered.  The defendant does have such evidence.

Mr. Iverson's eleven interrogatories are intended to elicit evidence of when City sidewalks and buildings were newly constructed or altered.  Rule 56(f) provides:

> "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a

continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

A party opposing summary judgment must be afforded a fair opportunity to garner available information before being required to file an opposition. This can be done by way of a Rule 56(f) motion. "To benefit from the protections of Rule 56(f), a litigant ordinarily must furnish the *nisi prius* court with a timely statement -- if not by affidavit, then in some other authoritative manner -- that (i) explains his or her current inability to adduce the facts essential to filing an opposition, (ii) provides a plausible basis for believing that the sought-after facts can be assembled within a reasonable time, and (iii) indicates how those facts would influence the outcome of the pending summary judgment motion. *Velez* at 40.

The City should not be allowed to assert vacantly that the plaintiffs have offered no evidence that the structures in question were built or altered after the passage of the ADA and then declare unchallenged that the structures are therefore not subject to ADAAG requirements. Mr. Iverson reasonably expects that the limited discovery he seeks will reveal exactly the opposite: that City streets, sidewalks, and buildings were newly built or altered after January 26, 1992 and were not made accessible to and usable by disabled persons. The plaintiffs must have that evidence to further their case. The Court should defer action on the City's motion until the City has provided complete answers, without objection, to Mr. Iverson's eleven interrogatories.

                                      Respectfully submitted

                                      The Plaintiff, G. David Iverson,

                                      By his Attorneys,

        /s/Nicholas S. Guerrera
        Nicholas S. Guerrera, BBO#551475
        Shaheen, Guerrera & O'Leary, LLC.
        Jefferson Office Park
        820A Turnpike Street
        North Andover, Massachusetts 01845
        (978) 689-0800

### **CERTIFICATE OF SERVICE**

     I hereby certify that I served a true copy of this pleading on the defendant, through its counsel, by mail on this date pursuant to Fed. R. Civ. P. 5.

Dated:                       /s/Nicholas S. Guerrera
                              Nicholas S. Guerrera