UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-11825-NMG

G. DAVID IVERSON and
ACCESS WITH SUCCESS, INC.
    Plaintiffs,

v.

CITY OF BOSTON,
    Defendant.

**DEFENDANT CITY OF BOSTON'S MOTION TO STAY DISCOVERY IN THIS CASE PENDING THE COURT'S RULING ON THE CITY'S MOTION TO DISMISS**

    The Defendant, City of Boston, moves to stay discovery in this case pending the court's ruling on the City's Motion to Dismiss. On October 25, 2004, the City of Boston moved to dismiss the Plaintiffs' complaint with prejudice on the grounds that Plaintiffs fail to allege any specific injury and therefore lack standing to sue the City. The City further argued that as a matter of law Plaintiffs cannot bring a private cause of action for failure to develop or implement a self-evaluation or transition plan under the Americans With Disabilities Act (ADA) and that the complaint is barred by the statute of limitations.[1]

    On January 31, 2005, Plaintiffs electronically filed a

---

[1] The City also moved to dismiss Count III, alleging a violation of M.G.L. ch. 93, § 103, for failure to exhaust their administrative remedies. Plaintiffs concede this deficiency in their Opposition to Defendant's Motion to Dismiss, ¶ 6.

1

Motion to Compel the Defendant's Response to eleven interrogatories; however, as of January 31, 2005, the City had not received any discovery requests, including the eleven interrogatories.[2]  On February 1, 2005, the City received Plaintiffs' Interrogatories, along with the Motion to Compel via U.S. postal service.

   The City moves to stay discovery pending the Court's resolution of the City's Motion to Dismiss.  When a motion to dismiss that may dispose of a case has been filed, it is appropriate to defer discovery until the motion has been decided.  <u>Kleinerman v. United States Postal Service</u>, 100 F.R.D. 66, 68 (D. Mass 1983) (citing <u>Scroggins v. Air Cargo, Inc.</u>, 534 F.2d 1124 (5th Cir. 1976)).  In upholding the district court's decision to stay discovery, the First Circuit provided, "discovery is not a fishing expedition; parties must disclose some relevant factual basis for their claim before requested discovery will be allowed."  <u>Milazzo v. Sentry Ins</u>., 856 F. 2d 321, 322 (1st Cir. 1988).  Further, notwithstanding an opposing party's claim that discovery would yield additional facts a court may grant summary judgment where the opposing party has

---

[2] Attorney for the City did inform Plaintiffs' Attorney that the City would not assent to engage in discovery prior to the Court's ruling on the pending Motion to Dismiss on January 20, 2005.  However, Plaintiffs never propounded any discovery prior to filing their Motion to Compel, and Plaintiff's attorney admitted that they had filed the Motion to Compel prior to sending the eleven interrogatories to the City during a telephone conversation February 1, 2005.

2

not alleged specific facts that could be shown through such discovery.  Taylor v. Gallagher, 737 F. 2d 134, 137 (1st Cir. 1984).  Here, Plaintiffs have not plead sufficient facts to show they have suffered a concrete or particularized harm, and the parties should not engage in discovery until this Court has disposed of the City's Motion to Dismiss.

Discovery in this matter would be premature given the nature of the City's Motion to Dismiss.  As argued in the City's Motion and accompanying Memorandum and Reply brief, Plaintiffs' failure to plead sufficient facts to overcome the basic standing threshold compels dismissal in this case.  For without standing, a federal court lacks jurisdiction.  Thus, without first reaching the critical issues raised by the City's motion to dismiss -- whether the Plaintiffs have standing and therefore this court has jurisdiction -- engaging in discovery would be a waste of time and resources.  Accordingly, the City moves this Court to stay discovery pending the resolution of the City's Motion to Dismiss.

In Conclusion, the City of Boston moves to stay discovery until the Court has ruled upon the City's pending Motion to Dismiss.

DEFENDANT, CITY OF BOSTON

Merita A. Hopkins
Corporation Counsel

By its attorney:


/s/ Kate Cook
Kate Cook   BBO# 650698
Susan Weise BBO# 545455
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4022 (Cook)
(617) 635-4040 (Weise)


**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)**

**Pursuant to L.R. D. Mass. 7.1(A)(2), I hereby certify that on February 2, 2005, Counsel for the Defendant, Kate Cook, communicated with Plaintiff's attorney Nicholas Guerrera, regarding** *Defendant City of Boston's Motion to Stay Discovery,* **and we were unable to resolve or narrow the issues prior to filing the above motion.**

4