UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| G. DAVID IVERSON and ACCESS WITH SUCCESS, INC.<br><br>Plaintiffs<br>v.<br><br>CITY OF BOSTON, MASSACHUSETTS<br><br>Defendant | CIVIL ACTION NO.: 04-CV-11825NMG |

**OPPOSITION OF PLAINTIFF TO DEFENDANT'S
MOTION TO STAY DISCOVERY PENDING THE
COURT'S RULING ON THE CITY'S MOTION TO DISMISS**

The defendant's motion to dismiss was styled as a motion under *Fed. R. Civ. P. 12(b)(6)*. One of the defendant's arguments is that the plaintiffs have failed to plead sufficient facts to establish standing to sue in federal court and that the Court therefore lacks subject matter jurisdiction. In that regard, the motion should have been brought under Rule 12(b)(1). Nonetheless, the plaintiffs have opposed the motion by submitting affidavits that present matters outside the pleadings and have requested that the motion be converted to one for summary judgment. The affidavits and the original complaint satisfy the plaintiffs' burden of demonstrating the existence of federal jurisdiction at the time of filing suit. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.,* 929 F.2d 1519, 1521 (10th Cir. 1991).

1

The plaintiffs have sought limited discovery, answers to eleven interrogatories, as requested in the *Motion of the Plaintiff, G. David Iverson, to Compel Responses to His First Interrogatories to the Defendant, City of Boston*, which was filed on January 31, 2005. The requested discovery is aimed at a non-jurisdictional argument made by the defendant in support of dismissal, specifically that the plaintiffs' claims are barred by the statute of limitations. The motion to compel discovery is based upon *Fed. R. Civ. P. 56(f)*.

The defendant should not be granted a stay of all discovery. The Court should permit discovery on matters that will allow the plaintiffs to oppose the defendant's motion to dismiss. If the Court does not order the defendant to answer the eleven interrogatories, it should, in fairness, disregard the defendant's statute of limitations arguments as a possible basis for dismissal of the case.

Whether the motion is characterized as one that attacks subject matter jurisdiction or one that attacks the pleadings themselves or one that is based upon a statute of limitations, the Court should permit the requested discovery for the reasons stated in the *Motion of the Plaintiff, G. David Iverson, to Compel Responses to His First Interrogatories to the Defendant, City of Boston*. As additional grounds in opposition to the defendant's present motion to stay discovery, the plaintiff offers the following legal authority:

"In resisting a motion to dismiss under Rule 12(b)(1), plaintiffs are permitted to present evidence (by affidavit or otherwise) of the facts on which jurisdiction rests. *See Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986). In addition, courts generally require that plaintiffs be given an opportunity to conduct discovery on these jurisdictional facts, at least where the facts, for which discovery is sought, are peculiarly within the knowledge of the opposing party. *See id*. Although a motion to dismiss for lack of jurisdiction cannot be converted into a Rule 56 motion, a court may nonetheless look to Rule 56(f) for guidance in considering the need for discovery on jurisdictional

facts. *See id.; see also Exch. Nat'l Bank v. Touche Ross & Co.,* 544 F.2d 1126, 1131 (2d Cir. 1976) ('[A] body of decisions has developed under Rule 56 that offer guidelines which assist in resolving the problem encountered if the affidavits submitted on a 12(b)(1) motion should reveal the existence of factual problems.'). *Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004).

    WHEREFORE, the plaintiffs pray that the defendant's motion will be denied.

Respectfully submitted

The Plaintiff, G. David Iverson,

By his Attorneys,

/s/Nicholas S. Guerrera
Nicholas S. Guerrera, BBO#551475
Shaheen, Guerrera & O'Leary, LLC.
Jefferson Office Park
820A Turnpike Street
North Andover, Massachusetts 01845
(978) 689-0800

**CERTIFICATE OF SERVICE**

    I hereby certify that I served a true copy of this pleading on the defendant, through its counsel, by mail on this date pursuant to Fed. R. Civ. P. 5.

Dated: February 14, 2005        /s/Nicholas S. Guerrera
                                               Nicholas S. Guerrera