**United States District Court**
**District of Massachusetts**

```
                                     )
G. DAVID IVERSON and ACCESS WITH )
SUCCESS, INC.,                       )
                                     )
          Plaintiffs,                )    Civil Action No.
                                     )    04-11825-NMG
          v.                         )
                                     )
CITY OF BOSTON,                      )
                                     )
          Defendant.                 )
                                     )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

In the instant dispute, G. David Iverson ("Iverson") and
Access With Success, Inc. ("AWS") allege that the City of Boston
("Boston") has engaged in handicap discrimination in violation of
state and federal law.  Boston now moves to dismiss.

**I.  Factual Background**

Iverson is a Boston resident who has used a wheelchair for
ambulation for the past 17 years.  AWS is a non-profit
corporation comprised of "qualified individuals with disabilities
as defined by the ADA".  The complaint contains few facts and
alleges, generally, that Iverson and other disabled members of
AWS have been denied "full and equal access" to Boston's "city
streets, city parking, sidewalks, curb cuts, curb ramps, [and]
City Hall".

-1-

On August 20, 2004, plaintiffs filed the instant action
alleging three claims: 1) violation of Title II of the Americans
with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq. based
upon Boston's alleged failure to complete a self-evaluation in
accordance with 28 C.F.R. § 35.105 and a transition plan in
accordance with 28 C.F.R. § 35.150, 2) violation of the
Rehabilitation Act, 29 U.S.C. §§ 701 et seq. based upon the same
facts and 3) violation of Massachusetts Constitutional Amendment
Article 114 and the Massachusetts Equal Rights Act, M.G.L. c. 93
§ 103 based upon Boston's alleged exclusion of the plaintiffs
from city services.

On October 25, 2004, Boston moved to dismiss on the grounds
that: 1) the plaintiffs lack standing, 2) there is no private
cause of action under the ADA to enforce self-evaluation and
transition plan regulatory requirements, 3) the action is barred
by the statute of limitations and 4) the claim alleged in Count
III was not exhausted before the Massachusetts Commission Against
Discrimination.  Plaintiffs opposed the motion and attached two
lengthy affidavits in which Iverson and another individual
recounted a number of unpleasant experiences they had while
attempting to utilize city services.  Plaintiffs have requested
that the defendants motion be converted into a motion for summary
judgment so that the affidavits could be considered or, in the
alternative, that they be granted leave to amend the complaint to

-2-

incorporate the affidavits. Additionally, plaintiffs concede that Count III (the Massachusetts Equal Rights Act claim) is unexhausted and have requested that it be dismissed without prejudice.

## II.  **Legal Analysis**

### A.  **Legal Standard**

In considering the merits of a motion to dismiss, the court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000) aff'd, 248 F.3d 1127 (1st Cir. 2000). Under Fed.R.Civ.P. 12(c), "if ... matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment".

In this case, plaintiffs have filed a complaint which states their accusations in a very superficial manner. In response to defendant's motion to dismiss, plaintiff submitted two affidavits and requested that the Court convert the motion into a motion for summary judgment. Thereafter, defendant filed a reply brief contending that the affidavits do not cure the alleged defects in plaintiffs' claims.

In the interest of judicial economy, defendant's motion to

-3-

dismiss will be considered as a motion for summary judgment. By filing a reply memorandum addressed to the merits of the affidavits and failing to object to plaintiff's request, the defendant is presumed to have assented to this approach. Thus, defendant's motion will be analyzed under Fed.R.Civ.P. 56.

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991)(quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." Id. A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v.

Catrett, 477 U.S. 317, 324 (1986). The Court must view the
entire record in the light most hospitable to the non-moving
party and indulge all reasonable inferences in that party's
favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993).
If, after viewing the record in the non-moving party's favor, the
Court determines that no genuine issue of material fact exists
and the moving party is entitled to judgment as a matter of law,
summary judgment is appropriate.

**B.   Analysis**

In Counts I and II of the complaint, plaintiffs seek to
enforce regulations requiring Boston to conduct a self-evaluation
and develop a transition plan. The ADA itself does not require
local governments to undertake such activities. Rather, the
requirements can be found in the implementing regulations.
Matthews v. Jefferson, 29 F.Supp.2d 525, 539 (W.D.Ark. 1998).

Under 28 C.F.R. § 35.105(a), which is entitled "self-
evaluation":

> [a] public entity shall, within one year of the effective
> date of this part, evaluate its current services, policies,
> and practices, and the effects thereof, that do not or may
> not meet the requirements of this part and, to the extent
> modification of any such services, policies, and practices
> is required, the public entity shall proceed to make the
> necessary modifications.

Under 28 C.F.R. § 35.150(d), which is entitled "transition plan":

> [i]n the event that structural changes to facilities will be
> undertaken to achieve program accessibility, a public entity
> that employs 50 or more persons shall develop, within six
> months of January 26, 1992, a transition plan setting forth

the steps necessary to complete such changes.

Plaintiffs allege that Boston has violated those requirements but Boston responds that there is no private right of action to enforce them.

Federal courts of this Circuit have not had occasion to consider whether 28 C.F.R. §§ 35.105(a) and/or 35.150(d) give rise to a private right of action. Several other courts have, however, considered the issue and two approaches have emerged.

Courts within the Sixth Circuit have held that there is no private right of action to enforce the subject regulations. Ability Center of Greater Toledo v. City of Sandusky, 385 F.3d 901, 914   (6th Cir. 2004)("§ 35.150(d) ... is not enforceable under Title II's private cause of action"); Ross v. City of Gatlinburg, 327 F.Supp.2d 834, 844 (E.D.Tenn. 2003)("The Court does not find any statutory basis to assert a cause of action based solely on a public entity's failure to conduct a self-evaluation or develop a proper transition plan."); Deck v. City of Toledo, 76 F.Supp.2d 816, 823 (N.D.Ohio 1999)("[§ 35.105(a) and § 35.150(d)] do not ... create a private right of action against the City"). As those courts have recognized, Title II is intended to redress discrimination and "there is no indication that a public entity's failure to develop a transition plan harms individuals, let alone in a way that Title II aims to prevent". Ability Center of Greater Toledo, 385 F.3d at 914.   Defendant

-6-

urges the Court to adopt that approach.

Other courts have permitted plaintiffs to maintain actions to enforce the subject regulations. Matthews v. Jefferson, 29 F.Supp.2d 525, 539 (W.D.Ark. 1998); McCready v. Michigan State Bar Standing Committee on Character and Fitness, 926 F.Supp. 618, 622 (W.D.Mich. 1995).[1] Such actions may not, however, be premised solely upon allegations of regulatory non-compliance. Rather, the actions "must be premised on disability-related discrimination". Matthews, 28 F.Supp.2d at 540-41; McCready, 926 F.Supp. at 622. To effectuate that requirement, sympathetic courts require that:

> [t]o state a valid claim for enforcement of the self-evaluation requirements, plaintiff must allege a clear causal connection between defendant's failure to evaluate its services and his asserted injury.

Id. Plaintiff urges the Court to adopt this approach.

Fortunately, the Court need not choose between the two approaches because, even if plaintiffs' preference is adopted, their case fails. Under Matthews and McGready, in order to state a claim for regulatory enforcement, the plaintiff must allege a "causal connection between defendant's failure to evaluate its services and his asserted injury". Id. In the instant complaint, plaintiffs allege, in general terms, that Boston has

---

[1]Plaintiff Iverson cites McCready in his memorandum but it is worth noting that the holding in that case is suspect in light of the decision of the Sixth Circuit Court of Appeals in Ability Center of Greater Toledo.

failed to conduct an adequate self-evaluation or to develop an adequate transition plan. In the affidavits, plaintiffs recount, in great detail, the many hindrances they face when traveling through the city, parking, attending public events and using public buildings.

The plaintiffs shortcoming, however, is that they have not alleged a causal connection between the violations and the hindrances. As such, the Court and the defendant are left to speculate as to how the absence of a self-evaluation or a transition plan could have caused the plaintiffs' injuries. The existence of regulatory violations, taken alone, does not imply any such connection. See Ability Center of Greater Toledo, 385 F.3d at 914 ("it is conceivable that a public entity could fully satisfy its obligations to accommodate the disabled while at the same time fail to put forth a suitable transition plan"). Accordingly, because plaintiffs have not established the requisite causation, they have failed to state a claim for enforcement of 28 C.F.R. §§ 35.105(a) and 35.150(d) and defendant's motion will be allowed with respect to Counts I and II. The Court declines to address defendant's other grounds for dismissal. Count III will be dismissed without prejudice to refiling after administrative remedies have been exhausted.

-8-

**ORDER**

In accordance with the foregoing, defendant's motion to dismiss (Docket No. 5), which is treated as a motion for summary judgment, is **ALLOWED**. Counts I and II of the complaint are dismissed with prejudice and Count III is dismissed without prejudice to refiling after administrative remedies have been exhausted.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated June 28, 2005

-9-