UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| G. DAVID IVERSON and<br>ACCESS WITH SUCCESS, INC.,<br>Plaintiffs<br><br>v.<br><br>THE CITY OF BOSTON,<br>Defendant | CIVIL ACTION NO. 04-CV-11825-NMG |

**MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION
AND/OR TO ALTER OR AMEND JUDGMENT – FED. R. CIV. P. 59(e)**

The plaintiffs respectfully request [pursuant to Fed. R. Civ. P. 59(e)] that the Court will reconsider and vacate its decision granting the defendant summary judgment on Counts I and II. Requests for relief under Fed. R. Civ. P. 59(e) may be based upon manifest errors of law or newly discovered evidence. *Mills v. Merrimack N.H. Police Department*, 2005 U.S. App. LEXIS 5300 (1st Cir. 2005); *Landrau-Romero v. Banco Popular De P.R.*, 212 F.3d 607, 612 (1st Cir. 2000). The plaintiffs do not offer newly discovered evidence. Rather, they respectfully state that the Court committed a manifest error of law by granting summary judgment on Count I and Count II in their entirety on grounds that the plaintiffs did not state a valid claim for enforcement of the self-evaluation and transition plan requirements of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*

I.   **The Plaintiffs Should Not Have Been Held to a Heightened Pleading Standard**

The First Circuit has embraced "the proposition that no special pleading is required unless a specific provision of federal law or a Rule provides for it." *Bleau v. Greater Lynn Mental Health & Retardation, et al.*, 2005 U.S. Dist. LEXIS 10765 (D. Mass. 6/3/05); *Educadores*

*Puertorriquenos En Accion v. Hernandez*, 367 F.3d 61, 66 (1st Cir. 2004) (discussing civil rights cases and noting that, except when a statute or specific Rule notes otherwise, courts should apply the notice pleading requirements of *Rule 8(a)(2)*). "Since there is no federal statute or specific Federal Rule of Civil Procedure mandating a heightened pleading standard for civil rights actions . . . the notice pleading standard, not the heightened pleading standard formerly applied in this circuit, governs motions to dismiss." *Cepero-Rivera v. Fagundo*, 2005 U.S. App. LEXIS 13134 (1st Cir. 7/1/05).

The Court entered summary judgment erroneously on Counts I and II because the plaintiffs' complaint was held implicitly to a heightened pleading standard. Summary judgment, however, should not have been granted because the plaintiffs made a short and plain statement of their claim showing that they are entitled to relief. *Fed. R. Civ. P. 8(a)(2)*. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions).

The Court found that in "Counts I and II of the complaint, plaintiffs seek to enforce regulations requiring Boston to conduct a self-evaluation and develop a transition plan." *Memorandum & Order*, p. 5. The Court outlined the two legal approaches that have emerged as to whether a private cause of action is permitted to enforce the subject regulations. The Court decided that it did not have to choose which approach to apply because the plaintiffs "have not alleged a causal connection between the violations and the hindrances." *Memorandum & Order*, p. 8. The Court further stated that, "the Court and the defendant are left to speculate how the absence of a self-evaluation or a transition plan could have caused the plaintiffs' injuries." *Memorandum & Order*, p. 8.

The plaintiffs, however, did allege a causal connection between their injuries and the defendant's failure to perform an adequate self-evaluation and carry out an adequate transition plan. (*E.g., Complaint and Jury Demand*, ¶¶ 20, 24). They alleged the statutory deadline by which Boston was to have completed its self-evaluation and implementation of a transition plan. (*Complaint and Jury Demand*, ¶¶18-19). They alleged that Boston failed to complete the required structural changes to achieve equal access to programs, service, activities, facilities and properties by January 26, 1995. (*Complaint and Jury Demand*, ¶¶21). They alleged at length in their affidavits that their inability to use specific sidewalks, curb cuts and municipal facilities safely on specific dates have caused them injury and deprived them of their civil right to use municipal services on an equal basis with non-disabled persons. (*Docket Nos. 14 and 15*).

The plaintiffs respectfully take issue with the statement that "the Court and the defendant are left to speculate how the absence of a self-evaluation or a transition plan could have caused the plaintiffs' injuries." (*Memorandum & Order*, p. 8). It stands to reason that the "many hindrances" the plaintiffs face on the sidewalks, streets, and municipal buildings in Boston are or should have been the subjects of the City's self-evaluation plan and should have been eliminated, but evidently were not eliminated, as part of a transition plan. Even if some speculation is required on this score, "[A] court cannot expect a complaint to provide proof of plaintiffs' claims, nor a proffer of all available evidence. In civil rights cases . . . much of the evidence can be developed only through discovery. While plaintiffs may be expected to know the injuries they allegedly have suffered, it is not reasonable to expect them to be familiar at the complaint stage with the full range of the defendants' practices under challenge." *Frazier v. Southeastern Pennsylvania Transp. Authority*, 785 F.2d 65, 68 (3d Cir. 1986). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief

could be granted under any set of facts that could be proved consistent with the allegations.' *Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984)." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

As an alternative to denying Boston's motion to dismiss, the plaintiffs requested an opportunity to amend their complaint under *Fed R. Civ. P. 15(a)* by adding the substance of their affidavits. (*Docket No. 13*). If there is a technical deficiency in their *Complaint and Jury Demand*, which the plaintiffs deny, the Court should have allowed them to cure it by amendment. The sanction of dismissal is an unjust penalty for a technical pleading deficiency. *Fields v. Village of Skokie*, 1980 U.S. Dist. LEXIS 16528 (D. N.D. Ill. 1980). "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

The simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Notably, in this regard, the plaintiffs filed a motion under *Fed R. Civ. P. 56(f)* on February 1, 2005 to compel responses to eleven interrogatories. (*Docket Nos. 23 and 24*). The defendant opposed the motion. (*Docket No. 22*). The Court never ruled on it. The City never answered the interrogatories, thus granting itself *sua sponte* a stay of discovery that it never obtained by judicial order.

It is not overly optimistic to suggest that answers to the interrogatories would have provided direct and relevant information in the very subject areas that the Court now believes it is left to speculate. The Court should have allowed the motion to compel responses to interrogatories, but, at a minimum, the Court should have addressed the motion before dismissing

4

Counts I and II of the complaint. Further, since the Court did not enter a stay, the defendant should have responded to the interrogatories in a timely manner.

It was manifest legal error for the Court to hold the plaintiffs to a heightened pleading standard and dispose of their federal civil rights claims at the pleading stage. The complaint met the notice requirements of *Fed. R. Civ. P. 8(a)*. If the Court perceived a technical deficiency in the complaint, the defendant should have been ordered to respond to the eleven interrogatories posed by the plaintiffs and the plaintiffs should have been allowed an opportunity to amend the complaint as requested.

**II.     It Was Manifest Legal Error to Dispose of Counts I and II in Their Entirety**

The plaintiffs believe that the Court misunderstood or misinterpreted the content of Counts I and II. The plaintiffs' allegations in Count I and Count II extended beyond the defendant's failure to perform an adequate self-evaluation and carry out an adequate transition plan. The plaintiffs also alleged, for example, as a separate violation of the ADA, "Boston failed to complete the necessary and required structural changes to its facilities by January 26, 1995, as mandated by federal law." *Complaint and Jury Demand*, ¶ 23. In Paragraph 29 of the *Complaint and Jury Demand*, the plaintiffs listed eight specific areas in which Boston failed to complete required structural changes.

Stated differently, the plaintiffs alleged in Count I and Count II that the defendant failed to satisfy its duty to accommodate disabled persons. This duty is separate and apart from its duty to perform a self-evaluation and carry out a transition plan. Just as a public entity could fully satisfy its obligations to disabled persons while failing to put forth a suitable transition plan, *see, e.g., Ability Center of Greater Toledo v. City of Sandusky*, 385 F.3d 901, 914 (6th Cir. 2004), so could it fail to put forth a suitable transition plan and fail to satisfy its obligations to disabled persons.

5

The Court committed manifest legal error by entering summary judgment on Counts I and II in their entirety based on a finding that some, but not all, of the allegations were inactionable as a matter of law. At worst for the plaintiffs, the Court should have stricken the supposedly inactionable allegations regarding a self-evaluation and transition plan and should have permitted the plaintiffs to amend their complaint, as they requested, by incorporating the substance and detail of their affidavits.

WHEREFORE, the plaintiffs pray that the Court will reconsider its decision and vacate its entry of summary judgment on Counts I and II.

Respectfully submitted,
The Plaintiffs, G. David Iverson, et al.,

By their Attorneys,

/s/Nicholas S. Guerrera
Nicholas S. Guerrera, BBO# 551475
Shaheen Guerrera & O'Leary, LLC
Jefferson Office Park
820A Turnpike Street
North Andover, MA 01845
(978) 689-0800

Dated: July 6, 2005

## CERTIFICATE OF SERVICE

I hereby certify pursuant to Fed. R. Civ. P. 5 that I served a true copy of this pleading on the defendant, through its counsel, by mail on this date.

Dated: July 6, 2005

/s/Nicholas S. Guerrera
Nicholas S. Guerrera