**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 04-CV-11825-NMG**

G. DAVID IVERSON and
ACCESS WITH SUCCESS,
INC.
    <u>Plaintiffs</u>,

v.

CITY OF BOSTON,
    <u>Defendant</u>.

### <u>DEFENDANT CITY OF BOSTON'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION AND/OR TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)</u>

The Defendant, City of Boston, opposes Plaintiffs' Motion for Reconsideration and or to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e), on two grounds. First, Plaintiffs offer no support for their contention that the Court's June 28, 2005, Memorandum and Order is a manifest error of law. Rather, they attempt to avoid the fact that they "have not alleged a causal connection between the violations [of the Americans With Disabilities Act, "ADA"] and the hindrances" (p.8), by characterizing the Court's decision as a misapplication of a heightened pleading standard. In fact, the Court correctly applied the summary judgment standard, pursuant to Plaintiffs' request that Defendant's Motion to Dismiss be considered as such. Second, Plaintiffs' instant Motion fits neatly within the contours of their previously filed superficial allegations that

1

the City is in violation of the ADA.  That is, Plaintiffs cannot show injury, causation or discrimination, and consequently, this court entered summary judgment in favor of the City as to Counts I and II.

This Court got it right: Plaintiffs fail to meet any legal standard for relief -- summary judgment or otherwise.  As explained more fully below, Plaintiffs have not met their burden of showing a genuine fact exists as to a causal connection between their alleged injuries and the Defendant's alleged violations.  See e.g., Ability Center of Greater Toledo v. City of Sandusky, 385 F. 3d 901, 914 (6th Cir. 2004).  "There is no indication that a public entity's failure to develop a transition plan harms disabled individuals, let alone in a way that Title II aims to prevent or redress."  Id.  Moreover, as is briefed thoroughly in Defendant's Motion to Dismiss, Memorandum of Law, and Reply brief, Plaintiffs' failure to allege a concrete injury caused by the City also compels dismissal for lack of standing.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); see also, Ross v. City of Gatlinburg, 113 Fed.Appx. 113, (6th Cir. 2004)(holding Plaintiffs' failure to present any proof of harm in violation of Title II of the ADA that is concrete or particularized, actual or imminent, did not satisfy standing requirements).  There was no error, and

Plaintiff's Motion For Reconsideration and or to Alter or Amend the Judgment Should be Denied.

## I. Plaintiffs Failed to Show a Genuine Issue of Material Fact Existed; Accordingly, Counts I and II Were Properly Dismissed.

### A. The Court Applied the Correct Legal Standard

This Court correctly granted summary judgment in favor of the City of Boston as to Counts I and II of Plaintiffs' Complaint.  Plaintiffs' contention that this Court has held them to a heightened pleading standard is baseless.  In fact, Plaintiffs requested that Defendant's Motion to Dismiss be converted to a Summary Judgment Motion, so that their Affidavits could be considered, the motion was converted and the affidavits were considered by this court.  Nonetheless, under the Celotex standard, no genuine material fact existed as to Plaintiffs' claims that the City of Boston's alleged failure to create a self-evaluation or a transition plan caused them harm.  Consequently, entering summary judgment in favor of Defendant as to Counts I and II was appropriate.  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  Moreover, a review of the record reveals that Plaintiffs fell far short of meeting their burden under Celotex of setting forth specific facts showing that there is a genuine triable issue.  Id.  In sum, "plaintiffs shortcoming . . . is that they have not alleged a causal

3

connection between the violations and the hindrances."
(Memorandum and Order, p. 8).

Though Plaintiffs requested the City's Motion to Dismiss be converted to a Summary Judgment Motion, and it was, Plaintiffs' instant Motion to Reconsider invokes Fed. R. Civ. P. 8(a) as the operative legal standard.  However, the Court expressly treated the Defendant's Motion as a motion for summary judgment (p. 4), and applied a summary judgment standard.  Hence, the Plaintiffs' reference to Fed. R. 8(a)(2) in this context is mistaken.[1]  Further, under the summary judgment standard, Plaintiffs left to speculation how the absence of a self-evaluation or transition plan caused them injuries.  The Court granted summary judgment as to Counts I and II appropriately.

---

[1] Even if the court were inclined to revisit the case under the motion to dismiss standard, Plaintiffs' Complaint still fails to meet the liberal notice pleading requirements.  As the City argued in its Motion to Dismiss and Memorandum of Law, "this is not to suggest that Plaintiffs are being held to a heightened pleading standard.  Rather, as the recent First Circuit case of Accion v. Hernandez, 367 F.3d 61, 66-67 (1st Cir. 2004), held,"[g]iven the lessons of Swierkiewicz, our duty is manifest.  We join several other sister circuits in holding that there are no heightened pleading standards for civil rights cases . . .  All civil rights actions are subject to Rule 8(a)'s notice pleading standard."
However, as the Hernandez court also held, Rule 8(a) does establish a standard for reviewing the substance of a complaint, and thus, a civil rights complaint "should *at least set forth minimal facts as to who did what to whom, when, where and why*. . . . and second, in considering motions to dismiss, courts should continue to 'eschew any reliance on bald assertions, insupportable conclusions and opprobrious epithets."  Hernandez, at 67-68 (citing Chongris v. Bd. Of Appeals, 811 F.2d 36, 37 (1st Cir. 1987)) (emphasis added).  Here, there can be no doubt that Plaintiffs have failed to meet this standard; accordingly, their Complaint should be dismissed.  (Def.'s Memorandum of Law, p. 5-6).

Finally, Plaintiffs appear to rely on Fed. R. Civ. P. 56(f) as grounds for their Motion to Reconsider. However, Plaintiffs did not properly invoke Rule 56(f), and cannot benefit from the rule at this late stage. A party successfully invokes Rule 56 by meeting several requirements:

> First, although a request for Rule 56(f) relief need not be expressly labeled as such, the party invoking the rule at a minimum must ask the court to refrain from acting on the summary judgment request until additional discovery can be conducted. In other words, a party ordinarily may not attempt to meet a summary judgment challenge head-on but fall back on Rule 56(f) if its effort is unsuccessful. Second, a party relying on 56(f) must demonstrate that it was diligent in pursuing discovery before the summary judgment initiative surfaced. Finally, a party must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and will indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.

C.B. Trucking, Inc. v. Waste Management, Inc., 137 F. 3d 41, 44 (1st Cir. 1998)(citations and internal quotations omitted). In C.B. Trucking, the Court of Appeals upheld the district court's discretion in ruling on defendants' converted summary judgment motion without giving plaintiff express notice or additional time to conduct discovery. Id. at 45. Like the court in C.B. Trucking, here the court appropriately converted Defendant's Motion to Dismiss to a

Summary Judgment Motion and found the 56(f) request unjustified.

Moreover, Plaintiff's discovery and conduct did not trigger Rule 56(f). In their Motion to Reconsider Plaintiffs suggest that had the Defendant been compelled to answer their interrogatories, then Plaintiffs would have been able to substantiate their otherwise bald allegations, and overcome the deficient showing as to causation which led to disposal of their case. Procedurally however, this would be putting the cart before the horse, and Plaintiffs' argument illustrates the deficiencies in their case. Plaintiffs sent the Defendant discovery after the City had moved to dismiss their complaint in its entirety because-- inter alia--Plaintiffs did not satisfy standing requirements. The Defendant moved to stay discovery on the grounds that to engage in the cost of discovery before the court ruled on the threshold issue of standing or before even a L.R. 16.1 hearing would have been premature.[2] Importantly, in their Motion to Compel, Plaintiffs characterized the interrogatories propounded on Defendant as a means to counter Defendant's statute of limitations

---

[2] It was Plaintiffs who attached affidavits rather than amending their complaint and requested that the Defendant's Motion to Dismiss be converted to a summary judgment motion. Plaintiffs could have waited for the court to rule on the Motion to Dismiss, and then if the motion was denied, engaged in discovery. Plaintiffs opted instead to accelerate the case, and cannot sincerely cry foul.

6

argument and Defendant's contention that the areas in question were "existing facilities" for ADA purposes. Thus, the discovery in question did not even address the matter ruled on by the Court--a causal connection between the hindrances and violations.

### B. Plaintiffs Do Not and Cannot Offer any Evidence to Support Their Conclusory Claim that the City is in Violation of the ADA.

The City of Boston moved to dismiss Counts I and II of Plaintiffs' Complaint on the following grounds:

(1) Plaintiffs lacked standing to bring their action, given their failure to show they have suffered from an actual injury or were in immediate danger of sustaining some direct injury in fact as a result of Defendant's allegedly illegal conduct.

(2) Even if Plaintiffs had alleged sufficient facts to establish standing, Counts I and II of their Complaint still should be dismissed because Title II does not allow private causes of action challenging a municipality's failure to develop or implement a transition plan.

(3) Assuming arguendo that Plaintiffs have a private right of action to compel compliance with self-evaluation or transition plan regulations, there must be a clear link between the challenged government action and the asserted injury.

(4) Plaintiffs' Complaint is barred by the statute of limitations.

The Court declined reaching points 1, 2 and 4 above, and instead focused on the third argument raised by Defendant. "[B]ecause plaintiffs have not established the requisite causation, they have failed to state a claim for

7

enforcement of 28 C.F.R. §§ 35.105(a) and 35.150(d) and defendant's motion will be allowed with respect to Counts I and II.  The Court declines to address defendant's other grounds for dismissal." (p. 8).  Thus, in accordance with the Eighth and Six Circuits, the Court held that Plaintiffs' failure to show causation compelled entering judgment in favor of the City as to Plaintiffs' ADA claims.  This is not manifest error, but rather, a sound holding based on the statute and case law.

It bears mentioning that although the Court declined to reach the Defendant's argument that Plaintiffs lack standing to sue for violations of the ADA, the reasoning in the Court's decision pinpoints the same flaw.  That is, Plaintiffs' failure to show a causal connection to their alleged injury and the City's alleged violations, offers another angle or viewpoint on Plaintiffs' failure to satisfy the standing requirement.  Plaintiffs provided no specific details as to when, where, and how they have been injured by the City's alleged failure to develop and implement a self-evaluation and transition plan.  Nor did they establish "a causal connection between the [alleged] violations and the hindrances." (p. 8).  The Court's Memorandum is spot-on: Plaintiffs failed to show a genuine issue of material fact

existed as to a causal connection between the City's alleged violation of the ADA regulations and their alleged injuries.

Logically, the failure to show a causal connection between alleged injury and violations is closely intertwined with the failure to meet the standing requirements. For instance, in Concerned Parents v. City of West Palm Beach, 884 F. Supp. 487 (1994), the court denied Plaintiffs' request to enjoin the City to comply with the ADA regulations concerning self-evaluation and transition plan §§ 35.105 and 35.150 respectively, holding that plaintiffs lack standing precisely because they had not shown causation. The Court provided in pertinent part:

> [P]laintiffs have no standing to seek a permanent injunction obligating this Court to oversee the City's completion of its self evaluation and transition plans. There is no evidence to connect the City's tardiness in complying with these administrative regulations to any specific violation of Title II of the ADA stipulated to by the parties. *There must be clear links in the chain of causation between the challenged government conduct and the asserted injury in order to establish standing.* Allen v. Wright, 468 U.S. 737, 752, 104 S. Ct. 3315, 3325, (1984). Here, as in Allen, there is a crucial missing link in the chain of events allegedly giving rise to the plaintiff's injuries.

Concerned Parents, at 490.

Likewise in the instant case, Plaintiffs cannot show either causation or injury. Put differently, plaintiffs "allege difficulty and problems with parking and navigating the City streets" but "they do not specify how they have

9

been excluded from participation in or denied the benefits of a service, program or activity of the City in violation of Title II." Ross v. City of Gatlinburg, 327 F. Supp. 2d 834, 842 (E.D. Tenn. Ct. 2003). The Court's decision accords with law and reason and should not be altered or amended.

In Conclusion, the City of Boston Opposes Plaintiffs' Motion for Reconsideration and or To Alter or Amend the Judgment pursuant to Fed. R. Civ. P. 59(e), for the reasons stated above.

Respectfully submitted,

DEFENDANT,
Merita A. Hopkins
Corporation Counsel
By its attorney:


/s/ Kate Cook
Kate Cook, BBO #650698
Susan Weise, BBO# 545455
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4022 (Cook)
(617) 635-4040 (Weise)

**CERTIFICATE OF SERVICE**

    I, Kate Cook, hereby certify that I served *Defendant's Opposition To Plaintiff's Motion For Reconsideration and/or to Alter the Judgment*, by mailing a copy, postage prepaid, to the following:

>    Nicholas S. Guerrera
>    Shaheen Guerrera & O'Leary
>    Jefferson Office Park
>    820A Turnpike Street
>    North Andover, MA 01845


7/11/05                         /s/ Kate Cook
_____                  _____
Date                            Kate Cook